DE BARA v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. February 12, 1900.)

No. 799.

1. INDICTMENTS—CONSOLIDATION—HABEAS CORPUS—SCOPE—REVIEW.
    Error in the consolidation of indictments cannot be inquired into in habeas corpus proceedings, since such writ cannot serve as a writ of error, where a court has acted within its jurisdiction.

2. SAME—EXCESSIVE SENTENCE—DISCHARGE.
    Prior to the expiration of that part of a term of imprisonment that a court could legally impose, a prisoner will not be discharged on habeas corpus on the ground that the court had imposed an excessive sentence.

Appeal from the District Court of the United States for the South-ern Division of the Eastern District of Michigan.

Harlan Cleveland, for appellant.
Wm. D. Gordon, U. S. Atty.

Before TAFT, LURTON, and DAY, Circuit Judges.

DAY, Circuit Judge. Edgar De Bara, being in custody of the superintendent of the house of correction, at Detroit, Mich., in pursuance of a sentence and judgment of the United States district court for the Northern district of Illinois, filed his petition in the district court of the United States for the Eastern district of Michigan, praying allowance of a writ of habeas corpus, to the end that he might be discharged from custody. Upon hearing the court denied the prayer of the petition, and dismissed the same. An appeal was allowed to this court, and the correctness of the judgment of the district court is now before us for review. It appears from the transcript of the record filed in the case that on the 5th of May, 1898, an indictment was returned against Edgar De Bara and one Fanny De Bara for violation of section 5480 of the Revised Statutes of the United States (1 Supp. Rev. St. p. 694), charging in three counts separate violations of said section. On the 1st of June, 1899, in open court, in the presence of the defendants and with their consent, it was agreed that causes 3,007, 3,008, 3,009, 3,010, 3,011, 3,012, 3,013, 3,014, 3,015, 3,016, and 3,017 should be consolidated and tried with "this cause" (entry to that effect being made in said cause No. 3,012); that all of said causes should be tried by the same jury. It was therefore ordered by the court that said causes be consolidated. The causes, other than 3,012, in which a copy of the indictment is set forth in the transcript of the record, are said to be indictments for violations of the section of the statutes above referred to; each indictment, as in the case of indictment No. 3,012, containing three counts. From the transcript of the record, it does not appear very distinctly as to the nature of the cases other than 3,012, in which the indictment is set forth; but, upon the statements of the petition for allowance of the writ and of counsel in presenting the case, it may be taken that each of these was an indictment for offenses similar to those charged in No. 3,012. Upon the same day upon which the order of consolidation was made, defendants having pleaded not guilty to the indictments in all the cases, trial was had to a jury. On the 5th of June, 1899, the jury returned a verdict finding the defendants guilty as charged in all the counts in cases Nos. 3,009, 3,012, and 3,015, and on counts 2 and 3 in indictments 3,007, 3,008, 3,010, 3,011, 3,013, 3,014, 3,016, and 3,017. Motion for a new trial having been overruled, judgment was pronounced as follows, on June 17, 1899:

"Came the parties by their attorneys, and the defendant in his own proper person, in the custody of the marshal, to have the sentence and the judgment of the court pronounced upon him, he having heretofore, to wit, on the 5th day of June, 1899, one of the days of this term of court, been found guilty by a jury in due form of law as charged in the indictment filed herein against him; and the defendant being asked by the court if he has anything to say why the sentence and judgment of the court should not now be pronounced upon

him, and showing no. good and sufficient reason why· sentence and judgment should not be· pronounced, it is therefore considered by the court, and as the sentence and judgment of the court, upon the verdict of guilty so rendered by' the jury as aforesaid, that the defendant, Edgar De Bara, be confined and imprisoned in the house of correction, at Detroit, in the state of Michigan, for ·and during the term of three years."

Prior to the· passing of sentence, on June 17, 1899, ah order was made that a nolle prosequi be entered as to the first count in each of ·the cases numbered 3,007, 3,008, 3,010, 3,013, 3,014, 3,016, and 3,017. On the 20th of June, 1899, an order was entered in said record of case numbered 3,012, as consolidated, that the sentence imposed upon said Edgar De Bara begin to run at noon, on June 20, 1899. In the petition filed in the district court for the allowance of the writ, it was alleged that the court had no authority to sentence the petitioner except as granted by section 5480 of the Revised Statutes; that said trial and sentence was a violation of said statutory provision. It further states that the court had no jurisdiction to order a trial upon a consolidation of the 11 indictments; that the maximum punishment by imprisonment should not exceed 18 months, or a fine of $500, or both; that the sentence of the court for 3 years is wholly unauthorized, illegal, and void.

Section 5480, which prohibits and punishes any use of the mails of the United States for fraudulent purposes, provides a penalty for each violation of such section, as follows:

"Shall upon conviction be punishable by a fine of not more than $500 and by imprisonment for not more than eighteen months, or by both such punishments, at the discretion of the court. The indictment, information, or complaint may severally charge offenses to the number of three when committed within 'the same six calendar months; but the court thereupon shall give a single sentence, and shall proportion the punishment especially to the degree in which the abuse of the postoffice establishment enters as, an instrument into such fraudulent scheme and device."

As to the alleged error in consolidating the indictments, it appears in the record that this was done with the consent of the appellant, and whether erroneous or not it is immaterial now to inquire. This is not a proceeding in error, and mere assignments of error cannot be inquired into in a proceeding in habeas corpus. This point was distinctly passed upon by this court in Howard v. U. S., 21 C. C. A. 586, 75 Fed. 986, 34 L. R. A. 509, where it was held that this question of alleged error in the order of consolidation could only be reviewed upon a writ of error after exception had been taken in the court below. In the Howard Case it was also determined that the order of consolidation did not make one case of the several indictments. It does not very clearly appear whether the district court in Illinois in passing sentence upon De Bara predicated its action upon a conviction had under the indictment in case No. 3,012, or upon the conviction upon all the indictments, nor, in the view we take of this case, is it necessary to construe this judgment. As we have already said, it is not the office of the writ of habeas corpus to serve as a writ of error. It can only be granted in cases where the court has exceeded its authority, and has undertaken to act beyond its power and jurisdiction.

In Ex parte Virginia, 100 U. S. 339–343, 25 L. Ed. 678, the court, speaking by Mr. Justice Strong, uses this language:

"In Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872, it was ruled, after an examination of authorities, that when a prisoner shows that he is held under a judgment of a federal court, given without authority of law, this court, by writs of habeas corpus and certiorari, will look into the record, so far as to ascertain whether that is the fact, and, if it is to be found so, will discharge him. Mr. Justice Miller said, in delivering the opinion: 'The authority of the court in such a case, under the constitution of the United States, and the fourteenth section of the judiciary act of 1789, to issue this writ, and to examine the proceedings in the inferior court, so far as may be necessary to ascertain whether that court has exceeded its authority, is no longer an open question.' While, therefore, it is true that a writ of habeas corpus cannot generally be made to subserve the purpose of a writ of error, yet when a prisoner is held without any lawful authority, and by order beyond the jurisdiction of an inferior federal court to make, this court will, in favor of liberty, grant the writ, not to review the whole case, but to examine the authority of the court below to act at all."

Similar language was used by Mr. Justice Miller in Ex parte Yarbrough, 110 U. S. 652, 653, 4 Sup. Ct. 152, 28 L. Ed. 274:

"That this court has no general authority to review, on error or appeal, the judgments of the circuit courts of the United States, in cases within their criminal jurisdiction, is beyond question; but it is equally well settled that, when a prisoner is held under the sentence of any court of the United States in regard to a matter wholly beyond or without the jurisdiction of that court, it is not only within the authority of the supreme court, but it is its duty, to inquire into the cause of commitment, when the matter is properly brought to its attention, and if found to be, as charged, a matter of which such a court had no jurisdiction, to discharge a prisoner from confinement. Ex parte Kearney, 7 Wheat. 38, 5 L. Ed. 391; Ex parte Wells, 18 How. 307, 15 L. Ed. 421; Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872; Ex parte Parks, 93 U. S. 18, 23 L. Ed. 787. It is, however, to be carefully observed that this latter principle does not authorize the court to convert the writ of habeas corpus into a writ of error, by which the errors of law committed by the court that passed the sentence can be reviewed here; for if that court has jurisdiction of the party and of the offense for which he was tried, and has not exceeded its powers in the sentence which it pronounced, this court can inquire no further."

What sentence, then, did the district court of Illinois pronounce in the case which is beyond its jurisdiction and power? An analysis of section 5480 shows that, under its provisions, an indictment may be framed so as to cover three offenses committed within the same six calendar months, but the court thereupon shall give a single sentence. This section is not to be construed as limiting the number of offenses for which indictments may be returned within the period of six calendar months, but the number of offenses which may be joined in the same indictment when committed within that period. In re Henry, 123 U. S. 372, 8 Sup. Ct. 142, 31 L. Ed. 174. When a person has been found guilty under such indictment, whether he be convicted upon one or more of its counts, the law provides there shall be a single sentence. This sentence is clearly laid down in the terms of the act itself, which provides for a fine of not more than $500, and imprisonment not exceeding 18 months, or both punishments, in the discretion of the court. Therefore, if the order of the court be construed as imposing a sentence for the conviction under the indictment in case No. 3,012, upon which a conviction was had upon all three counts, the court could pass a sentence fining the prisoner not exceeding $500,

and imprisoning him not more than 18 months. If the sentence be construed to have been passed in pursuance of a conviction on all of the indictments, then it was within the province of the court to pass cumulative sentences upon the indictments, not exceeding 18 months in each case, the imprisonment upon the one to commence upon the termination of the other, and to impose a fine not exceeding $500 in each case. This point was expressly ruled in Howard's Case, 21 C. C. A. 586, 75 Fed. 986, 34 L. R. A. 509; and it is not necessary to repeat the reasoning upon which that conclusion was reached, or to again cite the authorities by which it is supported. For the purpose of this proceeding, it may be taken as within the power of the court to have sentenced the prisoner upon conviction upon each indictment, or upon a single indictment, within the limitations just stated. Examining the sentence actually passed, we find that the court fixed the term of imprisonment at 3 years, but that the appellant has not yet served the term of 18 months, for which he might have been legally sentenced. The term of imprisonment which the court could have imposed, within the clear limits of its power and jurisdiction, has not yet expired, and, assuming that the sentence has gone beyond the power granted in the statute, the question now presented is, should the writ be granted and the prisoner discharged while he is yet serving within the time for which he might lawfully have been sentenced? There is considerable conflict of authority in the state decisions as to the effect of a sentence in excess of the powers of the court. It does not seem to us profitable to review them here. We think the case is sufficiently determined by principles laid down in the decisions of the supreme court of the United States. In the case of In re Bonner, 151 U. S. 258, 14 Sup. Ct. 326, 38 L. Ed. 152, in the course of a careful and full discussion of the rules applicable to the jurisdiction of courts in criminal cases, Mr. Justice Field, in stating rules applicable to all of them, by which the jurisdiction as to a particular judgment of the court in such cases may be determined, among other things says:

"When the jury have rendered their verdict, the court has to pronounce the proper judgment upon such verdict, and the law, in prescribing the punishment, either as to the extent or the mode or the place of it, should be followed. If the court is authorized to impose imprisonment, and it exceeds the time prescribed by law, the judgment is void for the excess. * * * A question of some difficulty arises, which has been disposed of in different ways, and that is as to the validity of a judgment which exceeds in its extent the duration of time prescribed by law. With many courts and judges,—perhaps with the majority,—such judgment is considered valid to the extent to which the law allowed it to be entered, and only void for the excess. Following out this argument, it is further claimed that, therefore, the writ of habeas corpus cannot be invoked for the relief of a party until the time has expired to which the judgment should have been limited."

It is true the question here was not directly made in that case. As Mr. Justice Field says, it was only one of speculative interest, for there was no excess of punishment in the sentence in that case. Still the intimation as to the weight of the authorities, as well as the reasoning of the court, point strongly in the direction of holding the rule to be that a sentence is valid to the extent that it is authorized by law, and void only as to the excess. The question was under

consideration in U. S. v. Pridgeon, 153 U. S. 48, 14 Sup. Ct. 746, 38 L. Ed. 631. The opinion is by Mr. Justice Jackson, and he says:

"Without undertaking to review the authorities in this and other courts, we think the principle is established that, where a court has jurisdiction of the person and of the offense, the imposing of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but only leaves such portion of the sentence as may be in excess open to question and attack. In other words, the sound rule is that a sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over person and offense, and only void as to the excess when such excess is separable, and may be dealt with without disturbing the valid portion of the sentence. * * * Under a writ of habeas corpus, the inquiry is addressed, not to errors, but to the question whether the proceedings and the judgment rendered therein are, for any reason, nullities, and, unless it is affirmatively shown that the judgment or sentence under which the petitioner is confined is void, he is not entitled to his discharge. It may often occur that the sentence imposed may be valid in part and void in part, but the void portion of the judgment or sentence should not necessarily, or generally, vitiate the valid portion. Rev. St. § 761: 'The court, or justice, or judge shall proceed in a summary way to determine the facts of the case [in habeas corpus] by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require.' There is no law or justice in giving to a prisoner relief under habeas corpus that is equivalent to an acquittal, when, upon writ of error, he could only have secured relief from that portion of the sentence which was void. In the present case the five-year term of imprisonment, to which Pridgeon was sentenced, cannot properly be held void because of the additional imposition of 'hard labor' during his confinement. Thus, in Re Swan, 150 U. S. 637, 653, 14 Sup. Ct. 230, 37 L. Ed. 1211, it is stated that, 'even if it was not within the power of the court to require payment of costs, and its judgment to that extent exceeded its authority, yet he cannot be discharged on habeas corpus until he has performed so much of the judgment, or served out so much of the sentence, as it was within the power of the court to impose.'"

Under a writ of habeas corpus the inquiry is, does the judgment exceed the authority of the court, and is the prisoner serving under a sentence beyond the power of the court to impose?

It is true that the cases wherein the writ has been denied, because a part only of the sentence was within the power of the court to impose, have generally been those in which the judgment was of a clearly separable nature, as for costs and imprisonment, where there was power only to impose the one or the other. We see no reason why the rule should be limited to such cases, and think the true principle to be that, before a prisoner can be discharged upon habeas corpus, it must appear that he is serving by virtue of a judgment which the court had no power to impose. As long as he is serving an imprisonment within the limits of a term which the court might lawfully impose, acting within its power and jurisdiction, he cannot be discharged on habeas corpus, no matter how irregular or erroneous the judgment may be. In the present case the court had power to impose so much of the judgment as is now operative upon the prisoner, and therefore he cannot have relief by the writ of habeas corpus. We have already seen that it was within the power of the court, in any aspect of the case, to impose a sentence upon the prisoner of 18 months. This much of the sentence the prisoner has not yet served. We do not undertake to determine herein what may be the rights of the prisoner at the expira-

tion of the term of 18 months, nor do we wish to be considered as in any wise foreshadowing the views which the court may hold as to his rights, should further application for the writ be made at that time. All that is now determined is that the petitioner, not having served the period for which he might legally be sentenced, cannot now have the benefit of the writ. Finding no error in the judgment of the district court for the Eastern district of Michigan, the same is affirmed, with costs.