### PRICE v. ZERBST, Warden of United States Penitentiary.

(District Court, N. D. Georgia. September 3, 1920.)

1. **Criminal law** ⟨⟩987—**Presence of defendant essential to validity of sen-tence.**

A corrected sentence, imposed by a federal court on a prisoner in his absence, although he was present when the original sentence was pro-nounced, *held* void.

2. **Habeas corpus** ⟨⟩109—**Prisoner held under void sentence remanded to trial court.**

Where it is determined by a federal District Court on habeas corpus that the sentence of another District Court, under which a prisoner is held, is void, the proper practice is to remit the prisoner to the court wherein he was sentenced, for further action by that court.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Habeas Corpus. Application by Richard F. Price against Fred G. Zerbst, Warden of the United States penitentiary at Atlanta, Ga. Petitioner ordered returned to Southern district of New York.

Richard F. Price, of New York City, in pro. per.
John W. Henley, Asst. U. S. Atty., for the warden.

ERVIN, District Judge. [1] In this case it appears: That petitioner heretofore filed an application for habeas corpus before Judge Sibley, in which petition he stated that he had been sentenced by Judge Learned Hand, in the District Court for the Southern District of New York, on April 30, 1919, to serve a term of three years upon his plea of guilty to using the mails in consummation of a scheme to defraud; that later on he had been sentenced by Judge Hand to serve two years and six months for the same offense, but was not present when such sentence was rendered—each of these sentences being that the time should be served in the Atlanta Penitentiary. Upon the petition containing these allegations Judge Sibley correctly denied the writ, and this finding was affirmed by the Fifth Circuit Court of Appeals in 264 Fed. 669.

The petition now presented, and coming on to be heard before me, strikes out any statement as to the three-year sentence by Judge Hand, and sets up that the warden holds this applicant under a mittimus issued on a sentence of two years and six months rendered by Judge Hand, and that the applicant was not present in court when this sentence was rendered. The record is silent as to the presence of defendant, though it should have recited his personal presence when sentence was rendered.

Under the rulings in the case of Frank v. Mangum, 237 U. S. 341, 35 Sup. Ct. 582, 59 L. Ed. 969, this court can go behind the record itself and ascertain the facts tending to show whether or not the court had jurisdiction, or whether the court had lost the jurisdiction which it had once possessed. Acting under this authority, I have investigated the facts, and the correspondence between Judge Hand and the applicant, and I conclude from this investigation that what happened was as follows:

The prisoner had been indicted, and, withdrawing his plea of not guilty, filed a plea of guilty, whereupon the date of sentence was fixed, and on that date, to wit, April 30, 1919, Judge Hand passed a sentence of three years, dating from October 31, 1918, which date of commencement of sentence was some six months prior to the actual rendition of the sentence; the defendant being then before the court. The defendant was then taken out of court, and later, and upon receipt of a letter from the defendant, calling attention to the fact that the commencement of the sentence was a date some six months prior to the actual rendition of it, Judge Hand changed his sentence, so as to make it read two years and six months from the time he was received in Atlanta, instead of three years from October 31, 1918, and at the time of this change in the sentence the applicant was not present before Judge Hand. The two years and six months sentence was entered upon the minutes of the court, but the three-year sentence was never

entered. The mittimus to the warden of the United States Penitentiary at Atlanta was issued on the two years and six months sentence, and he is now being held under that mittimus.

There were submitted by the warden two affidavits, one by a deputy clerk and the other by an attorney, who swear they were present in court, and that the applicant was present when the sentence was rendered. I am satisfied that these witnesses were present when the three-year sentence was rendered, and, finding only one sentence entered upon the minutes, they naturally assumed, at this time, that that was the sentence they had heard and seen passed. We therefore find that the sentence of three years was passed in the presence of the defendant, but never entered upon the minutes of the court, but the sentence of two years and six months was entered, which was never in fact passed, in the personal presence of the defendant. This presents a very different case from the one presented to Judge Sibley heretofore, and ruled on by him and the Fifth Circuit Court of Appeals.

The question arises, then: Was the sentence for two years and six months, which was entered upon the minutes of the court, and under which the mittimus was issued on which this applicant is now being held, void? In the case of Lewis v. United States, 146 U. S. 370, 13 Sup. Ct. 136, 36 L. Ed. 1011, which is quoted with approval in Frank v. Mangum, 237 U. S. 341, 35 Sup. Ct. 582, 59 L. Ed. 969, it is held that the trial practice in the United States courts being regulated by the common law, it is a leading principle therein that after indictment nothing should be done in the absence of the prisoner, and that in the absence of some statute these rights should not be abrogated. It is true the rights therein referred to and therein being questioned were not the right to be present when the sentence was passed, but what is said is equally as applicable to that as to the questions then being considered.

I therefore conclude that a sentence passed in the absence of the personal presence of the defendant is void. The practice that would seem to have been pursued by Judge Hand is one that many judges have indulged in, viz. that of correcting, in the absence of the accused, some clerical or other error in the sentence which he has rendered, and yet, under the strictness which is required where penal servitude is imposed as a sentence, we cannot be too careful in conforming to the essential requisites of the law, one of which being the personal presence of the prisoner when the sentence is imposed, and if we impose a sentence which we see fit thereafter to change, we should be careful in having the prisoner brought in, so as to be present when the change is made.

[2] The question then arises: What should be done with this prisoner? I find that in many instances the courts have released prisoners, when they found the authority for holding them was invalid; but the proper practice is laid down in the case of In re Bonner, 151 U. S. 259, 14 Sup. Ct. 323, 38 L. Ed. 149, which is to remit the prisoner to the court wherein he was sentenced for further action by that court in conformity to law. It is objected, however, that the term of that court in which the sentence was rendered has passed, and therefore that court would have no jurisdiction to now make any further order

in the case. The contrary was held in Bryant v. U. S., 214 Fed. 53, 130 C. C. A. 491, where the court held that, if a court imposes a void sentence, it does not lose jurisdiction to impose a proper sentence at a later term, particularly where the question is raised at the instance of the defendant, on whom such sentence had been passed.

A decree will therefore be entered, instructing the warden to return this applicant, Richard F. Price, to the Southern district of New York, for such further action as that court sees fit to take in his case.