## CARTER v. SNOOK, Warden of U. S. Penitentiary.

Circuit Court of Appeals, Fifth Circuit. October 24, 1928.

No. 5315.

Frank A. Doughman, of Atlanta, Ga., for appellant.

J. W. Henley, Asst. U. S. Atty., of Atlanta, Ga., for appellee.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. This is an appeal from an order discharging a writ of habeas corpus, which was issued pursuant to the prayer of a petition which was filed on February 4, 1928. That petition complained of the detention of the petitioner in the United States penitentiary at Atlanta under a judgment, rendered in a consolidated case on December 6, 1926, which, on petitioner's pleas of guilty to two counts in one indictment, to three counts in another indictment, and to two counts in another indictment, sentenced him to be confined in said penitentiary for a period of eight years, commencing on the day he is committed to said penitentiary, and to pay the sum of $8,000 fine. Petitioner was committed to said penitentiary on December 8, 1926. The counts to which petitioner pleaded guilty charged sundry violations of the National Prohibition Act. The offense charged in each of five of those counts —a second offense of selling intoxicating liquor in violation of section 3, title 2, of the National Prohibition Act (27 USCA § 12)— was punishable by a maximum fine of $2,000 and imprisonment of not more than five years.

This court has decided that where a defendant, convicted on two or more counts of an indictment charging separate offenses of the same kind, was given a sentence in gross for a term of imprisonment not exceeding the sum of the terms which might have been imposed under the counts separately, the sentence, although it may be irregular, is not a nullity, and the defendant cannot be discharged on habeas corpus. Blake v. Moyer, Warden (C. C. A.) 208 F. 678.

But, even if the sentence of imprisonment in question properly could be regarded as a nullity to some extent, it was not a nullity except as to the part of the sentence which was in excess of the term of imprison-

ment which lawfully could be imposed on the conviction of the petitioner on one of the counts to which he pleaded guilty; and petitioner was not entitled to be discharged on habeas corpus prior to the expiration of the five-year term of imprisonment to which he was subject to be sentenced under any one of several counts on which he was convicted. De Bara v. United States (C. C. A.) 99 F. 942. It follows that the order discharging the writ was not erroneous, the five-year term of imprisonment imposable upon petitioner's conviction under any one of several counts to which he pleaded guilty not having expired when the petition was sued out, and when the writ was discharged.

That order is affirmed.