## UNITED STATES ex rel. CAMPBELL v. HILL, Warden.*

### No. 5512.

Circuit Court of Appeals, Third Circuit.

July 16, 1934.

Rehearing Denied Aug. 24, 1934.

Frank J. McDonnell, U. S. Atty., of Scranton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from an order of the District Court for the Middle District of Pennsylvania denying a writ of habeas corpus. From the record it appears that the appellant, the relator below, is confined in the United States Northeastern Penitentiary at Lewisburg, Pa., under a mittimus from

*Writ of certiorari denied 55 S. Ct. 148, 79 L. Ed. —.

the District Court of Rhode Island. He was committed for a term of fifteen years by the Rhode Island District Court upon four indictments, Nos. 3673, 3674, 3675, and 3676. In No. 3673 he was charged with transportation of intoxicating liquor in violation of the National Prohibition Act (27 USCA); in No. 3674, with conspiracy to violate the National Prohibition Act; in No. 3675, with conspiracy to rob another of personal property belonging to the United States; and in No. 3676, with robbing another of personal property belonging to the United States, in violation of 18 USCA § 99. The relator was tried and convicted under No. 3676 and pleaded guilty to Nos. 3673, 3674, and 3675. He was sentenced on November 27, 1929, to serve a term of imprisonment of ten years under No. 3676, five years under No. 3673, and two years each under Nos. 3674 and 3675. The five-year term was to run consecutively with the ten-year sentence and concurrently with the two-year sentences. The relator contends that the imposition of the five-year sentence was excessive and invalid.

The ten-year sentence imposed on November 27, 1929, was to expire on November 26, 1939, subject to all the rights and allowances to which the relator was entitled by law. It is conceded by him that the term of imprisonment to which he was sentenced under No. 3676 had not expired at the time he petitioned the court below for the writ of habeas corpus, nor has it expired at this time. It is undisputed that the ten-year sentence is within the maximum imposed by 18 USCA § 99, which provides: "Whoever shall rob another of any kind or description of personal property belonging to the United States, or shall feloniously take and carry away the same, shall be fined not more than $5,000, or imprisoned not more than ten years, or both."

The relator has therefore filed his petition prematurely and is not entitled to his discharge, since he is serving under a judgment and sentence concededly valid. It has been held in United States v. Pridgeon, 153 U. S. 48, 14 S. Ct. 746, 38 L. Ed. 631, Carter v. Snook, 28 F.(2d) 609 (C. C. A. 7), and De Bara v. United States, 99 F. 942 (C. C. A. 6), that, prior to the expiration of that part of a term of imprisonment legally imposed, a prisoner will not be discharged on habeas corpus on the ground that the court had imposed an excessive sentence. We do not undertake to determine what the rights of the relator will be at the expiration of the ten-year sentence, but, until the relator has served the period for which he was legally sentenced,

he is not entitled, in our opinion, to the benefit of a writ of habeas corpus. We find no error in the order of the District Court denying the petition for the writ.

Order affirmed.