## COLSON v. ADERHOLD.
## ADERHOLD v. COLSON.
### SAME v. URBAYTIS.
#### Nos. 7286, 7321.

Circuit Court of Appeals, Fifth Circuit.
Oct. 24, 1934.

Rehearing Denied Dec. 11, 1934.

James Colson, of Atlanta, Ga., in pro. per.

Joseph Urbaytis, of Atlanta, Ga., in pro. per.

Lawrence S. Camp, U. S. Atty., and H. T. Nichols, Sp. Atty., both of Atlanta, Ga., for the warden.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

Colson and Urbaytis sued out separate writs of habeas corpus to secure their release from parts of the sentences imposed upon them upon conviction under a joint indictment consisting of 11 counts for violations of 18 USCA § 320, which punishes assaults with intent to rob and robbery of custodians of United States mail. The first count of the indictment charges Colson and Urbaytis with an assault with intent to rob the mail. The second charges them with robbery of a described mail bag. The remaining counts, 3 to 11, are identical with the second except that a different mail bag is described in each. The assault and the robbery occurred all at the same time. Colson was sentenced to serve 25 years on the second count, and 10 years on the first count to follow consecutively. A sentence of 25 years was imposed upon him on each of the remaining counts which were to be served concurrently with each other and with the sentence on the first count, to commence at the termination of the sentence on the second count. Urbaytis had been convicted on another indictment and sentenced to serve 14 years. His sentence under this

indictment was 10 years on the first count and 25 years on counts 2 to 6, to run concurrently with each other and with the sentence imposed on the first, and also on the other indictment, and to serve 25 years on each of the remaining counts, 7 to 11, "the total sentence being 50 years."

It thus appears that Colson and Urbaytis are both now serving under the 25-year sentence imposed on the second count and that neither has served long enough to entitle him to be released. The district judge discharged the writs in both cases and remanded the prisoners to custody, but in doing so he stated in a written opinion that Colson's sentence was valid on the first count charging assault, and on the second count charging robbery, but that the sentence under the remaining counts was void as being in violation of the Fifth Amendment providing against more than one punishment for the same offense. He likewise held on the same grounds that Urbaytis would be entitled to release upon completing service of 25 years. Colson appeals on the ground that the assault was merged in the robbery, relying on our case of Bertsch v. Aderhold, 36 F. (2d) 155. But in any view, Colson's petition was premature. And the same is true of Urbaytis' petition. We therefore have no occasion to pass upon the correctness of the opinion of the district judge, and go no further than to say that the orders discharging the writs of habeas corpus were proper.

The orders discharging the writs of habeas corpus in both cases are affirmed.