**WILSON v. JOHNSTON, Warden.**

**No. 23665–S.**

District Court, N. D. California, S. D.

Oct. 5, 1942.

Herbert Wilson, of Alcatraz, Cal., in pro. per.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

ST. SURE, District Judge.

Petitioner seeks his release from Alcatraz Prison upon a writ of habeas corpus, claiming that his detention is illegal because the judgments and commitments upon which he is held are void.

Upon hearing it appears that two indictments were returned against petitioner in the United States District Court for the Eastern District of Tennessee, Northern Division, on June 5, 1939, numbered, respectively, 13166 and 13167.

In case No. 13166, containing three counts, petitioner is charged with conspiracy and violation of § 588b, 12 U.S.C.A.; and in case No. 13167 petitioner is charged with the unlawful transportation of a female in interstate commerce for immoral purposes.

Petitioner pleaded guilty to both indictments, whereupon he was sentenced to serve seven and one-half years on each indictment to run consecutively. These judgments were never entered nor commitments issued thereon. Believing the judgments to be erroneous, the Judge presiding, without petitioner being present in court, pronounced new judgments sentencing petitioner in case No. 13166 to two years on the first count and ten years on the second and third counts, to run concurrently, and in case No. 13167 to five years, to commence at the expiration of the sentence in case No. 13166. Upon the new sentences judgments were entered and commitments were issued, under which petitioner is detained. These facts are undisputed and are substantiated by letters from the Judge presiding and the Clerk of the court.

Petitioner's contention that the sentences imposed by the court in his absence are void (Price v. Zerbst, D.C., 268 F. 72) is not disputed by the government, but it is contended that the original judgments, of which there is no record and upon which commitments were not issued, are still in full force and effect, and that petitioner must serve twelve and one-half years before he may be heard upon habeas

corpus. The government cites Corollo v. Dutton, 5 Cir., 63 F.2d 7; Greenhaus v. Sanford, D.C., 37 F.Supp. 644; United States v. Pridgeon, 153 U.S. 48, 14 S.Ct. 746, 38 L.Ed. 631; McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Smith v. Johnston, 9 Cir., 83 F.2d 821; Verheul v. Johnston, 9 Cir., 121 F.2d 959 and Demaurez v. Squier, 9 Cir., 121 F.2d 960, which cases are not in point.

I think that the commitments upon which petitioner is held are a nullity because based upon void judgments. Price v. Zerbst, supra; Anderson v. Denver, 8 Cir., 265 F. 3; Lee Lim v. Davis, 75 Utah 245, 284 P. 323, 76 A.L.R. 460, 497; Dooly v. Mahoney, D.C., 42 F.Supp. 890. And in conformity with the rule laid down in Re Bonner, Petitioner, 151 U.S. 242, 261, 14 S.Ct. 323, 38 L.Ed. 149, petitioner will be returned to the United States District Court for the Eastern District of Tennessee, Northern Division, for further proceedings on the said indictments.