**WILSON v. BELL, Warden.**

**No. 9422.**

Circuit Court of Appeals, Sixth Circuit.

June 22, 1943.

Hobart F. Atkins, of Knoxville, Tenn., for appellant.

E. Ray Hauk, of Knoxville, Tenn. (James B. Frazier, Jr., E. Ray Hauk, and James M. Meek, all of Knoxville, Tenn., on the brief), for appellee.

Before HICKS, HAMILTON, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

The record in this habeas corpus proceeding reveals an unusually complicated case history.

On May 23, 1939, two indictments against appellant, Herbert Wilson, were returned in the Eastern District of Tennessee; one charging him with violation of the Mann Act, 18 U.S.C.A. § 397 et seq., and the other, in three counts, with bank robbery and conspiracy to rob a bank, against the peace and dignity of the United States.

Appellant pleaded guilty to both indictments and, *in his presence,* was sentenced by judicial oral pronouncement to penal servitude of 7½ years on each indictment, the sentences to run consecutively. Neither judgments nor commitments were entered on these oral sentences; but, on a later date, June 5, 1939, *in the absence* of appellant who was at that time incarcerated, the District Court entered judgments sentencing him to ten years imprisonment in the bank robbery case and five years in the Mann Act case, the latter term of imprisonment to commence at the expiration of the former. The original oral sentences were changed by these judgments, when the District Judge came to a realization that the sentence in the Mann Act case exceeded the statutory limit by 2½ years. Manifestly considering the two cases in totality, the District Judge did not deviate from his steadfast intention to impose 15 years imprisonment as just and appropriate punishment for the crimes committed by appellant. To effectuate his original purpose, he increased by 2½ years the sentence in the bank robbery case from that which he had originally pronounced and thus offset the 2½ years reduction of the sentence in the Mann Act case.

The judgments entered on June 5, 1939, were ordered therein to serve as commitments. The date of pronouncement of the oral sentences does not appear in the record, but it does appear that appellant was under arrest at that time; and it is obvious that he was detained as a prisoner from the date the oral sentences were imposed to June 5, 1939, the date of the entry of the amended sentences pronounced in absentia, and that he has remained a prisoner continuously up to and including the present time. He was confined first in the Federal penitentiary at Atlanta, and later in the Federal penitentiary at Alcatraz.

After more than three years' confinement in these two penal institutions, the appellant filed in the United States District Court for the Northern District of California, Southern Division, a petition for a writ of habeas corpus, in which he charged that the judgments and commitments upon which he was detained in the Alcatraz prison were illegal and void. Following hearing upon the petition, the District Court for Northern California filed, on October 5, 1942, a combined order and memorandum opinion, reciting that, inasmuch as the sentences imposed in the absence of appellant by the United States District Court for Eastern Tennessee were void, the commitments based upon them, under which the appellant was being held in prison, were likewise void. The opinion-order, published in Wilson v. Johnston, Warden, D.C., 47 F.Supp. 257, 258, directed that "in conformity with the rule laid down in Re Bonner, Petitioner, 151 U.S. 242, 261, 14 S.Ct. 323, 38 L.Ed. 149, petitioner will be returned to the United States District Court for the Eastern District of Tennessee, Northern Division, for further proceedings on the said indictments."

Upon his return to the custody of the United States District Court for Eastern Tennessee, appellant petitioned that court for a writ of habeas corpus, praying full discharge from further custody. This petition incorporated the opinion-order of the United States District Court for Northern California, recited that the same constituted a concession or judgment that appellant's time had been served and that "there had been due allowance made for good behavior in accordance with the rule laid down in Biddle, Warden, v. Hall [8 Cir.], 15 F.2d 840"; and alleged that District Judge St. Sure of Northern California possessed no jurisdiction "to overrule the judgment and correct the assumed errors" of the United States District Court for Eastern Tennessee and to remand appellant to the latter jurisdiction for further proceedings on the indictments.

The petition averred further that judicial notice should be taken that the petitioner had been imprisoned "for sometime," that numerous terms of court, probably more than fifteen, had been held within the district, that the business of the respective terms had been finished and the minutes thereof signed; "and that with the completion of the Court's business for the term, the Court had no further control over or jurisdiction of the matters determined thereat, and recorded in the minute books and that the only matter attempting to confer jurisdiction is the aforesaid null and void order of the District Court in California."

Appellant was granted a prompt hearing on his petition, was represented by competent counsel, and testified in person. The District Judge stated at the hearing that the recorded sentences, upon which the commitments had been issued by virtue of which appellant had been confined, had not been pronounced in the presence of the appellant; and that, when he observed his error in changing the sentences during the absence of appellant, he had conveyed this information to the prisoner by a direct letter.

Considering his "sole error" to be of a character remediable by resentence, nunc pro tunc, the District Judge denied the petition for a writ of habeas corpus and overruled the subsequent motion in arrest of judgment.

Appellant was ordered to stand up for sentence, which was thus pronounced: "It is the judgment of the Court that the sentences heretofore imposed at another term of this Court in the absence of the defendant now be pronounced in his presence; that is to say, it is the judgment of the Court that the petitioner in case No. 13166 be committed to the custody of the Attorney General for the space of two years on the first count, and for the space of 10 years on the second and third counts, the sentences on the second and third counts to be served concurrently, and that in case No. 13167 he be committed to the custody of the Attorney General for the space of five years and serve same in such institution as may be designated by the Attorney General, and that these sentences be effective as of the date originally announced [June 5, 1939] and continue to be effective as of that date, and that judgment and commitment be entered now for them."

It will be observed that the District Judge did not, in this oral pronouncement, expressly direct that the sentences in the two cases should run consecutively; but the intention of the Court to make the sentences consecutive had been plainly revealed to the defendant in open court from the full context of the hearing. In the judgment and commitment orders signed for entry on the same date, the five-year sentence in case No. 13167 was ordered to commence upon the expiration of the sentences imposed in case No. 13166.

The appeal to this court is from the order entered on October 23, 1942, in the United States District Court for the Eastern District of Tennessee denying the relief sought in the petition for writ of habeas corpus and denying appellant's motion in arrest of judgment.

■ In our view, Judge St. Sure of the Northern District of California properly directed the return of appellant to the Eastern District of Tennessee for further proceedings in the district court there. In so doing, he followed the precise course pursued by District Judge Ervin in Price v. Zerbst, D.C.N.D.Ga., 268 F. 72, where, after holding void a corrected sentence imposed by Judge Learned Hand in the Southern District of New York on a prisoner who was not present when resentenced, but was present when his original sentence was pronounced, Judge Ervin said (op. pages 74, 75 of 268 F.): "What should be done with this prisoner? I find that in many instances the courts have released prisoners, when they found the authority for holding them was invalid; but the proper practice is laid down in the case of In re Bonner, 151 U.S. [242], 259, 14 S.Ct. 323, 38 L.Ed. 149, which is to remit the prisoner to the court wherein he was sentenced for further action by that court in conformity to law. It is objected, however, that the term of that court in which the sentence was rendered has passed, and therefore that court would have no jurisdiction to now make any further order in the case. The contrary was held in Bryant v. United States [8 Cir.], 214 F. 53, 130 C. C.A. 491, where the court held that, if a court imposes a void sentence, it does not lose jurisdiction to impose a proper sentence at a later term, particularly where the question is raised at the instance of the defendant, on whom such sentence had been passed. A decree will therefore be entered, instructing the warden to return this applicant [naming him] to the Southern district of New York for such further action as that court sees fit to take in his case."

■ Both Judge St. Sure, in the instant case, and Judge Ervin, in Price v. Zerbst, supra, conformed to the opinion of the Supreme Court in Re Bonner, 151 U.S. 242, 259, 260, 14 S.Ct. 323, 326, 38 L.Ed. 149, where it was asserted: "Much complaint is made that persons are often discharged from arrest and imprisonment when their conviction, upon which such imprisonment was ordered, is perfectly correct; the excess of jurisdiction on the part of the court being in enlarging the punishment, or in enforcing it in a different mode or place

than that provided by the law. But in such cases there need not be any failure of justice, for, where the conviction is correct, and the error or excess of jurisdiction has been as stated, there does not seem to be any good reason why jurisdiction of the prisoner should not be reassumed by the court that imposed the sentence, in order that its defect may be corrected. * * * In such case the original court would only set aside what it had no authority to do, and substitute directions required by the law to be done upon the conviction of the offender." The rule was recognized that if a court has authority to impose imprisonment, but sentences a defendant to imprisonment for a term in excess of the lawful limit, its judgment is void to the extent of the excess.

In Hammers v. United States, 5 Cir., 279 F. 265, the contention was rejected that where the district court had imposed a void sentence upon a defendant who plead guilty, there could be no resentence of the defendant after expiration of the term of court at which he had been convicted and sentenced. It was declared that the case should be regarded as pending until finally disposed of by the imposition of a lawful sentence. See, also, Meyers v. United States, 5 Cir., 116 F.2d 601, in which a prisoner was ordered to be brought before the district court for resentence.

It has also been held in the Fifth Circuit that a district court properly corrected its records to conform to the truth, by showing that two five-year sentences imposed against a defendant were to run consecutively, despite the fact that the term at which the sentences had been pronounced had ended. Buie v. United States, 5 Cir., 127 F.2d 367. See, also, Miller v. United States, 5 Cir., 128 F.2d 519.

■ In this circuit, there is precedent for the correction of clerical errors in the record of a criminal case by nunc pro tunc order, entered after the expiration of the term. Rupinski v. United States, 6 Cir., 4 F.2d 17.

■ A Federal court has power to correct its record to show the truth. See Downey v. United States, 67 App.D.C. 192, 91 F.2d 223, 230, and cases there cited, including the Rupinski case, supra.

■ Where a void order has been entered in a criminal case, the effect is the same as if no order at all had been made, "and the case necessarily remains pending until lawfully disposed of by sentence." Miller v. Aderhold, 288 U.S. 206, 211, 53 S.Ct. 325, 326, 77 L.Ed. 702.

The pithy comment was made, in King v. United States, 69 App.D.C. 10, 98 F.2d 291, 296, that "sentencing should not be a game in which a wrong move by the judge means immunity for the prisoner."

■ A United States District Court, which has imposed a sentence of imprisonment in a criminal case, has power, during the same term of court, to amend the sentence by shortening the term of imprisonment, even though the defendant has been committed and has entered upon service of the sentence. United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354.

■ But, for the reason that no man may be lawfully punished twice for the same offense, a court lacks power, even during the same term of court, to increase the sentence after the defendant has begun to serve it. Ex parte Lange, 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872; Blackman v. United States, 5 Cir., 250 F. 449. Cf. Yavorsky v. United States, 3 Cir., 1 F.2d 169; Simmons v. United States, 5 Cir., 89 F.2d 591, 594. See discussion by Circuit Judge (now Mr. Justice) Rutledge in Rowley v. Welch, 72 App.D.C. 351, 114 F.2d 499, 501. See, also, Frankel v. United States, 6 Cir., 131 F.2d 756.

The District Judge in the case at bar was not vested with power, after he had pronounced sentence upon appellant of 7½ years' penal servitude in the bank robbery case, to step up the punishment to 10 years; for, on the full record, the inference is inescapable that appellant had commenced the service of that sentence before the entry of the void order of June 5, 1939, made in his absence. And certainly, the sentence as originally pronounced from the bench could not have been stepped up by the order entered on October 23, 1942, which was after the expiration of the term and nearly 3½ years after the original sentence was pronounced.

■■ The judgment in a criminal case is the pronouncement by the judge from the bench, not the entry of the judgment by the clerk. The actual authority for execution of the judgment is the sentence, and the commitment functions to make the judgment of the court effective. Walden v. Hudspeth, 10 Cir., 115 F.2d 558.

■ If the commitment is at variance with the judgment, the court may, upon

habeas corpus proceedings, resort to the judgment to determine whether the detention of the prisoner is lawful. Watkins v. Merry, 10 Cir., 106 F.2d 360.

The prisoner is detained not by virtue of the warrant of commitment, but on account of the judgment and sentence. Hill v. United States ex rel. Wampler, 298 U.S. 460, 465, 56 S.Ct. 760, 80 L.Ed. 1283; Biddle v. Shirley, 8 Cir., 16 F.2d 566, 567; Howard v. United States, 6 Cir., 75 F. 986, 989, 34 L.R.A. 509. Compare Wilson v. Aderhold, 5 Cir., 84 F.2d 806.

The original judgment and sentence as pronounced from the bench in the bank robbery case was 7½ years. This sentence could not be increased by nunc pro tunc order to 10 years. The excessive 2½ years of the sentence is plainly invalid.

Where a court has jurisdiction of the person and of the offense, the imposition of a sentence in excess of that permissible by law does not render the lawfully authorized portion of the sentence void, but leaves open to attack on habeas corpus only such portion of the sentence as is excessive. United States v. Pridgeon, 153 U.S. 48, 62, 14 S.Ct. 746, 38 L.Ed. 631; McKee v. Johnston, 9 Cir., 109 F.2d 273, 276; Verheul v. Johnston, 9 Cir., 99 F.2d 757; Collins v. Morgan, 8 Cir., 243 F. 495, 497.

The District Court has appropriately corrected the excessiveness of the sentence in the Mann Act case by reduction of the sentence from 7½ to 5 years. The only excessiveness of sentence now apparent from the record is that of the unauthorized additional 2½ years' imprisonment imposed in the bank robbery case. The lawful aggregate punishment which has been adjudged by the District Court is 12½ years' imprisonment, only a portion of which time has yet been served by appellant.

A prisoner who has not served out so much of a sentence as was within the power of the court to impose will not be discharged on application for a writ of habeas corpus. McNally v. Hill, Warden, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; In re Swan, 150 U.S. 637, 653, 14 S.Ct. 225, 37 L.Ed. 1207; DeBara v. United States, 6 Cir., 99 F. 942, 947; Carter v. Snook, 5 Cir., 28 F.2d 609, 610; Dodd v. Peak, 60 App.D.C. 68, 47 F.2d 430; United States v. Hill, 3 Cir., 72 F.2d 549; Johnson v. Aderhold, 5 Cir., 73 F.2d 102; Colson v. Aderhold, 5 Cir., 73 F.2d 191; Reger v. Hudspeth, 10 Cir., 103 F.2d 825; Demaurez v. Squier, 9 Cir., 121 F.2d 960; Pope v. Huff, 73 App.D.C. 170, 117 F.2d 779, 780.

As was said in the last cited case, "habeas corpus may be sought only to effectuate a prisoner's immediate release, and not to test the legality of imprisonment at some future time."

In Holiday v. Johnston, 313 U.S. 342, 349, 550, 61 S.Ct. 1015, 85 L.Ed. 1392, the Supreme Court held that a prisoner, while serving a valid sentence, cannot by habeas corpus petition successfully attack a second sentence for the same offense timed to begin at the end of the first, although it was necessary that the second sentence be vacated before he could apply for parole under the first. The remedy prescribed for the prisoner was an application for vacation of the sentence and for resentence in conformity with the statute under which he had been adjudged guilty.

In McNally v. Hill, supra, 293 U. S. at pages 138, 139, 55 S.Ct. at page 27, 79 L.Ed. 238, Mr. Justice (now Chief Justice) Stone said: "Considerations which have led this Court to hold that habeas corpus may not be used as a writ of error to correct an erroneous judgment of conviction of crime, but may be resorted to only where the judgment is void because the court was without jurisdiction to render it, Ex parte Watkins, supra, [3 Pet.] 203, [7 L.Ed. 650;] Knewel v. Egan, 268 U.S. 442, 445, 447, [45 S.Ct. 522, 69 L.Ed. 1036,] lead to the like conclusion where the prisoner is lawfully detained under a sentence which is invalid in part. Habeas corpus may not be used to modify or revise the judgment of conviction. Harlan v. McGourin, 218 U.S. 442, [31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849;] United States v. Pridgeon, 153 U.S. 48, 63, [14 S.Ct. 746, 38 L.Ed. 631.] Even when void, its operation may be stayed by habeas corpus only through the exercise of the authority of the court to remove the prisoner from custody. That authority cannot be exercised where the custody is lawful."

It was decided in this circuit many years ago that a sentence of imprisonment to commence upon the expiration of a preceding sentence is not uncertain because Acts of Congress granted "good-time" credit on their sentences to convicts chargeable with no misconduct during incarceration. Howard v. United States, 6 Cir., 75 F. 986, 34 L.R.A. 509.

Where a petitioner for a writ of habeas corpus urged that the designation of jail sentences instead of penitentiary sentences had deprived him of certain good-conduct credits and parole rights, the Court of Appeals for the Ninth Circuit held that, the sentences being within the lawful discretion of the district court, the fact that a different form of sentence would have given the petitioner the advantages mentioned was not pertinent to the review. Roselle v. Breshears, 9 Cir., 35 F.2d 934, 935. So the argument of appellant, built upon the hypothesis of his deprival of the benefit of good-behavior credits upon his term of imprisonment, must also fall. Biddle v. Hall, 8 Cir., 15 F.2d 840, cited by appellant, is not in point.

The motion in arrest of judgment is so lacking in merit as to be undeserving of discussion.

The order of the District Court denying appellant relief under his petition for a writ of habeas corpus and overruling his motion in arrest of judgment is affirmed.