Odell JACKSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12469.

United States Court of Appeals
Sixth Circuit.

June 13, 1956.

William A. Ogden, III, Cincinnati, Ohio, for appellant.

Robert E. DeMascio, Detroit, Mich. (Fred W. Kaess, George E. Woods, Detroit, Mich., on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

Appellant, Odell Jackson, having entered a plea of guilty to a two-count indictment charging him in each count with the unlawful sale of narcotics in violation of Section 2553(a), Title 26, U.S. Code, which authorized a maximum sentence of five years on each count, was sentenced on March 26, 1951 by the District Judge to "imprisonment for a period of seven years."

On September 26, 1952, appellant filed a motion to vacate the sentence on the ground that the sentence of seven years was illegal, in that the single sentence of seven years was applicable to only a single count and was accordingly excessive by two years. On February 4, 1953, the District Judge at a hearing in which appellant was represented by counsel entered an order that the sentence of seven years imposed on March 26, 1951 be set aside and that the appellant be resentenced for a period of five years on Count 1 and for a period of two years on Count 2, said sentences to run consecutively and to take effect as of March 26, 1951, "it being the intent of the Court to impose a sentence of seven (7) years." Appellant's motion to set aside the judgment was denied, followed by this appeal.

Appellant relies upon Ekberg v. United States, 1 Cir., 167 F.2d 380. However, the ruling in that case was based upon the fact that Count 1 of the indictment failed to charge an offense separate and distinct from the offenses set forth in the second and third counts, and in fact failed to charge any offense at all, with the result that the time served under the sentence on Count 1 was credited to the separate sentences previously imposed on Counts 2 and 3. Those sentences ran concurrently with each other but consecutively to the sentence imposed on Count 1 and upon being so credited were legally served in full. The Court was not permitted to make the sentences under Counts 2 and 3 run consecutively instead of concurrently with each other so as to require the defendant to serve the time intended by the Court, although such a sentence could have been imposed originally.

The case is not analogous to the present one, in which separate sentences under Counts 1 and 2 were not imposed and no sentence on Count 2 is being increased. The sentence of seven years was within the authorized limits of Counts 1 and 2, and the conviction under each count has not been modified or set aside but is in full force and effect. The resentence of February 4, 1953 was unnecessary and can be disregarded. Rule 52(a) Rules of Criminal Procedure, 18 U.S.C.A., provides that any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded. While such a general or gross sentence as was originally imposed is not favored, it is not illegal, provided the sentence does not exceed the aggregate which could have been imposed had sentence been pronounced severally on each count. Reed v. United States, 5 Cir., 142 F.2d 435; Ross v. Hudspeth, 10 Cir., 108 F.2d 628, 629; McKee v. Johnston, 9 Cir., 109 F.2d 273, 275; United States v. Lynch. 7 Cir., 159 F.2d 198, 200.

The judgment is affirmed.