George Edward DUGGINS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12908.

United States Court of Appeals Sixth Circuit.

Jan. 21, 1957.

Leon S. Epstein, Atlanta, Ga. (R. Monroe Schwartz, on the brief; Henley, Epstein, Owens, Chancey & Bragg, Atlanta, Ga., of counsel), for appellant.

Robert E. Joyner, Memphis, Tenn. (Warren Olney, III, Washington, D. C., Millsaps Fitzhugh, U. S. Atty., Memphis, Tenn., on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

Appellant pleaded guilty to a five-count indictment, counts 1 and 2 of which charged violations on December 17 and 18, 1954 of Sec. 2553(a), Title 26, U.S.Code, prohibiting the purchase or sale of a narcotic drug, counts 3 and 4 of which charged separate violations on December 17, 1954 of Sec. 174, Title 21, U.S.C.A., prohibiting the importation into the United States of a narcotic drug, and count 5 of which charged a conspiracy to violate Sec. 2553(a), Title 26, and Sec. 174, Title 21. He was sentenced on February 28, 1955 to five years on the first count, five years on the second count, ten years on the third count, ten years on the fourth count, and five years on the fifth count, the sentences to run concurrently, which was in accordance with the recommendation of the District Attorney. It was the intention of the District Judge to impose a total sentence of ten years.

The maximum sentence under Sec. 174, Title 21, for the offense charged was five years, having been reduced from ten years by amendment of the statute in 1951. On April 20, 1956 appellant filed this proceeding under Sec. 2255, Title 28, U.S.Code, to vacate so much of the sentences under counts 3 and 4 as exceeded five years. The District Judge was of the opinion that since he could have imposed consecutive sentences of five years on each count, for a total of 25 years, and it was his intention at the time to impose a ten-year sentence, and the manner of accomplishing that result was because of the erroneous assumption that the maximum sentence under Sec. 174, Title 21, was ten years instead of five years, the judgment was not invalid. Appellant's application was denied. This appeal followed.

■■ It is well-settled that where a sentence exceeds the maximum punishment provided by the statute, it is valid only to the extent of such maximum, and is void for the excess. In re Bonner, 151 U.S. 242, 258, 14 S.Ct. 323, 38 L.Ed. 149; Crowe v. United States, 6 Cir., 200 F.2d 526, 529. See also: McDonald v. Moinet, 6 Cir., 139 F.2d 939, 941, certiorari denied McDonald v. U. S., 322 U.S. 730, 64 S.Ct. 942, 88 L.Ed. 1565, rehearing denied, 322 U.S. 769, 64 S.Ct. 1142, 88 L. Ed. 1595. It follows that the judgments on the 3rd and 4th counts must be reduced to five years each.

■ Apparently such a reduction in the sentences under counts 3 and 4 is not contested, and the District Judge pro-

ceeded on the theory that since he could have made one or more of the sentences run consecutively instead of concurrently and such a sentence would carry out his intention at the time of sentencing to impose a sentence of ten years, the appellant was not entitled to a modification of the existing ten-year sentence. But the total sentence, as it stands after giving effect to the reduction of the two illegal sentences, is for five years, and in order to make the total sentence a valid sentence of ten years, it is necessary to change one of the sentences so as to run consecutively to the other sentences instead of concurrently with them. This is unquestionably an increase in the sentence after its original imposition and start of service, which is prohibited by another well-settled principle of criminal law. Ex parte Lange, 18 Wall. 163, 173, 21 L.Ed. 872; Frankel v. United States, 6 Cir., 131 F.2d 756, 758; Wilson v. Bell, 6 Cir., 137 F.2d 716; Crowe v. United States, supra, 6 Cir., 200 F.2d 526, 529. The rule is applicable even though the subsequent increase in the original sentence is for the purpose of carrying out the intention of the District Judge existing at the time of sentencing. Wilson v. Bell, supra, 6 Cir., 137 F.2d 716, 718.

The fact that the District Judge could have imposed consecutive sentences with a resulting total equaling the illegal sentence of ten years which was given, does not permit the matter to be treated as though he had done so. Ekberg v. United States, 1 Cir., 167 F.2d 380, 388, Miller v. United States, 2 Cir., 147 F.2d 372, 374.

The Government's reliance upon Jackson v. United States, 6 Cir., 234 F.2d 605, is misplaced. In that case there was a single general sentence under a two-count indictment while in the present case we have a distinct separate judgment under each count. The ruling of the Court did not result in any increase in the sentence.

The Government contends that appellant's application in the present case is premature, in that he is legally in custody under a sentence of five years which

has not yet been served, and that a modification of the judgment would not result in his release. If this was a habeas corpus proceeding, the contention would be well made. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Wilson v. Bell, supra, 6 Cir., 137 F.2d 716, 721. Whether the same ruling is applicable to a proceeding under Sec. 2255, Title 28, U.S.Code, is the question presented.

Sec. 2255 provides that a "prisoner *in custody under sentence* of a court established by Act of Congress claiming the right to be released * * *" may move the Court which imposed the sentence to vacate or correct "*the sentence.*" (Emphasis added.) Accordingly, it has been held that where the prisoner is serving the first of two consecutive sentences he is not in custody under the second sentence, and an application to vacate the second sentence is premature. Crow v. United States, 9 Cir., 186 F.2d 704; United States v. Greco, D.C.M.D. Pa., 141 F.Supp. 829; United States v. Young, D.C., 93 F.Supp. 76, 78, appeal dismissed 9 Cir., 190 F.2d 558; See United States v. Walker, D.C., 107 F. Supp. 218. If a prisoner has already served the sentence which he is attacking by a proceeding under Sec. 2255, he is not in custody under that sentence and cannot maintain the proceeding. Lopez v. United States, 9 Cir., 186 F.2d 707; United States v. Bradford, 2 Cir., 194 F. 2d 197, 200; Fooshee v. United States, 5 Cir., 203 F.2d 247. It has likewise been held that where a prisoner is in custody under a state sentence, he cannot attack the validity of a federal sentence which he is not serving at that time. United States v. Lavelle, 2 Cir., 194 F. 2d 202; United States v. Kerschman, 7 Cir., 201 F.2d 682; Booth v. United States, 9 Cir., 209 F.2d 183, certiorari denied, 347 U.S. 923, 74 S.Ct. 525, 98 L. Ed. 1077; United States v. Kobey, D.C., 109 F.Supp. 192.

In Winhoven v. United States, 9 Cir., 209 F.2d 417, 418, the Court held there was no jurisdiction to entertain such an application where the prisoner was serving two concurrent sentences,

only one of which was attacked, if, after a vacation of the sentence, he would still be held in custody under the other sentence. To the same effect is Oughton v. United States, 9 Cir., 215 F.2d 578. Some of the cases above referred to also rely upon such reasoning as one of the grounds for their rulings. Crow v. United States, supra; United States v. Bradford, supra; Booth v. United States, supra. They point out that relief under Sec. 2255 is available only to persons who were entitled to relief by a writ of habeas corpus, relying upon language in the Supreme Court's opinion in United States v. Hayman, 342 U.S. 205, 219, 72 S.Ct. 263, 96 L.Ed. 232. The Supreme Court there stated that the sole purpose of the section was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient form. Habeas corpus proceedings do not lie unless the applicant is entitled to be released from custody. McNally v. Hill, supra.

We are in accord with the construction given to Sec. 2255 by the foregoing cases.

We recognize an apparently conflicting ruling of this Court in Griffin v. United States, 6 Cir., 173 F.2d 909, rehearing denied, 6 Cir., 175 F.2d 192. That case involved a motion to correct a sentence which had been served, although the prisoner was no longer in custody under the sentence under attack and the correction of the judgment would not result in the prisoner's release. This Court sustained the motion. This ruling was obviously based upon Rule 35, Fed.Rules Crim. Proc. 18 U.S.C.A., although the original opinion did not cite the specific authority relied upon. Appellant's motion to correct the sentence, which was sustained, was based upon Rule 35. On petition for rehearing we rejected the Government's contention that relief was not authorized under Rule 35. In doing so, the opinion also stated that Sec. 2255 was applicable. The case was decided in 1949 shortly after the enactment of Sec. 2255 on June 25, 1948 and prior to any of the decisions above referred to. The opinion did not discuss the section from the viewpoint of the later cases. See: United States v. Bradford, supra, 2 Cir., 194 F. 2d 197, 200.) Ekberg v. United States, supra, 1 Cir., 167 F.2d 380, and Cook v. United States, 1 Cir., 171 F.2d 567, to which the opinion on petition for rehearing refers, were proceedings under Rule 35, not under Sec. 2255, Title 28, U.S. Code. We are of the opinion that the case involved Rules 34 and 35, Rules of Criminal Procedure, and that Sec. 2255 was not applicable.

 It is necessary to keep in mind the difference between proceedings under Rule 35, Rules of Criminal Procedure, and Sec. 2255, Title 28, U.S.Code. Rule 35 provides "The court may correct an illegal sentence at any time." This rule became effective March 21, 1946, more than two years prior to the enactment of Sec. 2255, Title 28, U.S.Code on June 25, 1948. It was a codification of existing law and was intended to remove any doubt, created by the ruling in United States v. Mayer, 235 U.S. 55, 67, 35 S. Ct. 16, 59 L.Ed. 129, about the jurisdiction of the District Court to correct an illegal sentence after the expiration of the term at which it was entered. Holiday v. Johnston, 313 U.S. 342, 349, 61 S. Ct. 1015, 85 L.Ed. 1392; Lockhart v. United States, 6 Cir., 136 F.2d 122, 124. Prior to the adoption of the Rules of Criminal Procedure certain problems were involved in the ending of a term of court and the start of another. It was the purpose of Rules 45(c), 33, 34, 35 and 36 to meet these problems. It was not their purpose to meet the problems involved in habeas corpus proceedings or a collateral attack upon a judgment. Rule 35 presupposes a conviction and affords a procedure for bringing an improper sentence under it into conformity with the law. Cook v. United States, supra, 1 Cir., 171 F.2d 567, 570; United States v. Morgan, 346 U.S. 502, 506, 74 S.Ct. 247, 98 L.Ed. 248. Sec. 2255, Title 28, U.S.Code, on the other hand,

covers the broader field of a collateral attack upon the validity of a judgment of conviction by reason of matters dehors the record. United States v. Hayman, supra, 342 U.S. 205, 211–212, 72 S.Ct. 263. Being a procedural substitute for a habeas corpus proceeding, the right to relief under Sec. 2255 is limited by the express terms of the statute to situations where the prisoner is attacking the judgment under which he is in custody and, if successful, would be entitled to be released. Such limitations do not apply to a proceeding under Rule 35, Rules of Criminal Procedure.

 In the present case, we are of the opinion that the relief sought by the appellant, although not authorized by Sec. 2255, Title 28, U.S.Code, is authorized by Rule 35. No attack is made upon the validity of the conviction. It is purely a question of correcting the sentence to conform to the statute. Such a sentence is illegal within the meaning of Rule 35. It should be corrected regardless of whether the correction results in the release of the prisoner. Holiday v. Johnston, supra, 313 U.S. 342, 349, 61 S.Ct. 1015; Wilson v. United States, 6 Cir., 154 F.2d 908; Lockhart v. United States, supra, 6 Cir., 136 F.2d 122; McDonald v. Moinet, supra, 6 Cir., 139 F.2d 939, certiorari denied McDonald v. United States, 322 U.S. 730, 64 S.Ct. 942, rehearing denied 322 U.S. 769, 64 S.Ct. 1142; Holloway v. United States, 89 U.S. App.D.C. 332, 191 F.2d 504, 507; Ekberg v. United States, supra, 1 Cir., 167 F.2d 380.

We recognize that appellant's petition states in its opening paragraph that it is brought under authority of Sec. 2255, Title 28, U.S.Code, without specific reference to Rule 35. The prayer asks that the sentence be corrected by vacating and setting aside the portion of the sentence which is in excess of that which is authorized by law. Such relief is authorized under Rule 35, and we can consider such statutory authority even though it is not specifically relied upon in the petition. United States v. Morgan, supra, 346 U.S. 502, 505, 74 S.Ct. 247; Lockhart v. United States, supra, 6 Cir., 136 F.2d 122, 124.

The judgment is reversed and the case remanded to the District Court for correction of the sentences under Counts 3 and 4 of the indictment.