THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDMUND J. MEADOWCROFT, Relator, against HARRY T. ASHWORTH, as Warden of the New York City Penitentiary, Defendant.

Supreme Court, Special Term, Bronx County, July 26, 1945.

*Edmund J. Meadowcroft,* relator in person.

*Samuel J. Foley, District Attorney of Bronx County (John B. Lee* of counsel), and *Farrell M. Kane, District Attorney of Richmond County,* for defendant.

EDER, J. Habeas corpus proceeding. The relator is now imprisoned in the New York City Penitentiary and seeks his discharge, contending he is being unlawfully detained. It appears that on December 15, 1939, he was indicted for the crime of abandonment of children, a felony (Penal Law, § 480); he was, however, permitted to plead guilty to a lesser offense, namely, unlawfully omitting to provide for a child, a misdemeanor (Penal Law, § 482), which plea was entered on March

15, *1940,* and accepted by the court, as it was empowered to do (Code Crim. Pro., § 334, subd. 2; § 342-a); on that day he was sentenced to be confined in the mentioned penitentiary, but execution of the sentence was suspended during his good behavior and on condition that he make payments of $12 weekly commencing March 18, 1940. On March 16, *1945,* he was arraigned for an alleged violation of the above terms of probation and he was thereupon sentenced to the penitentiary, there to be dealt with according to law, and, as stated, is now there confined.

The present imprisonment of the relator under said sentence was and is null and void; having been convicted of a misdemeanor, the maximum term to which he might have been sentenced was three years.

Section 470-a of the Code of Criminal Procedure authorizes the court, after imposition of sentence, to suspend the execution thereof; it further provides: '' The court may impose sentence or order judgment executed with or without modification as hereinabove provided at any time after such suspension of sentence or suspension of execution of judgment within the longest period for which the defendant might have been sentenced or, if the defendant is on probation and the period of probation exceeds the period for which the defendant might have been sentenced, at any time while the defendant remains on probation; but not after the expiration of such period or periods, unless the defendant shall have been convicted of another crime committed during such period. Provided, however, that the imprisonment directed by the judgment shall not be suspended or interrupted after such imprisonment shall have commenced.''

The relator was sentenced on March 15, 1940, and execution of the sentence was suspended and he was placed on probation upon the terms and conditions referred to; he was not convicted of any other crime during the period of suspension, and three years being the maximum sentence for the crime of unlawfully omitting to provide for a child, a misdemeanor, it would seem clear that the court lost jurisdiction of the relator after the expiration of that period (see *People* v. *Kastel,* 172 Misc. 784).

It is suggested in opposition that the arrest and imprisonment of the relator is authorized by the provisions of section 933 of the Code of Criminal Procedure, entitled '' Period of probation '', and which reads as follows: '' The period of probation may not in the case of a child extend beyond his minority; in the case of any other defendant convicted of an

offense less than a felony, not beyond three years; and in the case of a defendant convicted of a felony, for a term fixed by the court, judge or magistrate not beyond the maximum time for which he might be sentenced, except that for *abandonment* the period of probation may continue until the seventeenth birthday of the youngest child. If a probationer shall abscond, the time during which he remains away or hidden may be added to the period of probation.'' (Italics supplied.)

I do not see that the provisions of this section in any way aid this contention of the respondent; it is a clearly untenable one for the simple as well as decisive reason that it applies to the case of the felony of *abandonment*. While the relator was indicted for this crime, he pleaded guilty to a lesser offense, a misdemeanor, i.e., *unlawfully omitting to provide for a child,* and under the express provisions of this section, '' The period of probation may not * * * extend * * * in the case of any other defendant convicted of an offense less than a felony, * * * beyond three years * * *.''

It seems clear to me that there was and is no lawful authority for the apprehension of the relator and his imprisonment and that both were and are illegal and that he is being illegally imprisoned and detained thereunder.

Accordingly, the writ of habeas corpus is sustained and relator's discharge forthwith is directed.