## UNITED STATES v. WHITEHEAD.
### No. 6166.

District Court, E. D. Kentucky.
Jan. 21, 1946.

Thomas Jefferson Whitehead, per se.

Claude P. Stephens, U. S. Atty., and Robert M. Stephenson, Asst. U. S. Atty., both of Lexington, Ky., for plaintiff.

FORD, District Judge.

The defendant, Thomas Jefferson Whitehead, has filed a petition and motion seeking vacation and correction of the record entry of a judgment of sentence imposed upon him in this case and correction of the commitment issued pursuant thereto. The United States has duly filed response. The facts are not in dispute.

On January 16, 1937, the defendant entered a plea of guilty to the indictment in this case charging him with escaping from the lawful custody of an authorized representative of the Attorney General, to whose custody he was committed for the service of concurrent prison sentences imposed by the United States District Court for the Eastern District of Tennessee, and Northern District of Georgia. The escape statute, 18 U.S.C.A. § 753h, defines and fixes the penalty for the crime charged and further provides: "The sentence imposed hereunder shall be in addition to and independent of any sentence imposed in the case in connection with which such person is held in custody at the time of such escape or attempt to escape. If such person be under sentence at the time of such offense, the sentence imposed hereunder shall begin upon the expiration of, or upon legal release from, any sentence under which such

person is held at the time of such escape or attempt to escape."

This Court immediately imposed sentence committing the defendant "to the custody of the Attorney General or his authorized representative for commitment in an institution of the correctional or penitentiary type for a period of one year and one day." It was further provided, however, that:

"The execution of said sentence is suspended and the defendant is placed on probation for a period of Three Years, during which time he will report to the Probation Officer every month; will entirely refrain from the violation of any law, and will, in all respects conduct himself as a law abiding citizen. Probation may be revoked for violation of any of the terms thereof."

The defendant completed the service of the sentences upon which he was under commitment at the time of his conviction for escape and was released from prison. Thereafter, while he was at liberty under the probation granted by this Court, he was convicted of violating the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408, for which, on January 20, 1939, he was sentenced to imprisonment for ten years and duly committed to the United States Penitentiary at Atlanta, Georgia, by the United States District Court for the Eastern District of Tennessee.

By appropriate proceedings the defendant was brought from the Atlanta penitentiary before this Court on June 13, 1939, for prosecution under two indictments pending against him in this Court and also to answer a proceeding for revocation of his probation. He plead guilty to both indictments and admitted violation of the conditions of his probation. He was duly sentenced under the indictments and his probation was revoked, the Court stating, from the bench, however, that the sentences then imposed and the sentence of January 16, 1937, which had been suspended during his probation, be served "concurrent" with the sentence which he was then serving. On the same day, June 13, 1939, the defendant was placed in jail in the custody of the Marshal and, under the provisions of 18 U.S.C.A. § 709a, the sentences, if valid, "commenced to run". Thereafter, on the same day, the Court made the following order in the case:

"It appearing that after judgment was pronounced in open court, the defendant was taken by the United States Marshal, with a number of other prisoners from the jail at Lexington, to the jail at London, Kentucky, thereafter to be transferred to the penitentiary at Atlanta, but that after the judgment of the Court had been prepared for entering but had not been signed it was discovered that the sentence should have provided for the revoked probation sentence to commence at the expiration of the sentence he is now serving, thereupon it is ordered that the United States Marshal produce the defendant in open court on Thursday, June 15, 1939, for the purpose of pronouncing sentence and judgment of the Court."

Pursuant to the foregoing order, the defendant was brought before the Court on June 15, 1939, and the Court ordered that the service of the sentence of January 16, 1937, begin at the "expiration" of the sentence he was then serving and thereupon judgment was entered of record and commitment issued accordingly.

Obviously the change from concurrent to consecutive service of the sentence was due to the fact that the Court was under the impression that the defendant was then serving the original sentence under which he was held in custody at the time of his escape, thereby making consecutive service of the sentence mandatory under the statute, 18 U.S.C.A. § 753h.

However, it is now quite clear, upon the record as now presented, that service of the sentences under which the defendant was held at the time he escaped from custody had been completed and the sentence he was serving on June 13, 1939, was a subsequent and entirely different sentence, to which the mandatory provisions of the escape statute had no application. Hence, when the defendant's probation was revoked on June 13, 1939, and execution of the sentence of January 16, 1937, was directed, it was within the discretion of the Court to make service thereof "concurrent" with the sentence which the defendant was then serving and the pronouncement by the Court from the bench to that effect was valid. "The judgment in a criminal case is the pronouncement by the judge from the bench, not the entry of the judgment by the clerk." Wilson v. Bell, 6 Cir., 137 F.2d 716, 720. "The judgment is the pronouncement of the court from the bench. The clerk's entry is not the judgment but merely the formal evidence thereof. Nor is the commitment the judgment. Rather, it is the final process for carrying the judg-

ment into effect. The real authority for execution of the sentence is the judgment." Watkins v. Merry, 10 Cir., 106 F.2d 360, 361.

So much of the record entry in this case of June 15, 1939, and the commitment issued pursuant thereto, as provided for the sentence to begin at the "expiration" of the sentence he was then serving, is not in conformity to the valid sentence pronounced by the Judge from the bench on January 16, 1937 and June 13, 1939. The Court was without power or authority to increase the defendant's punishment by making the sentence "consecutive" after the valid "concurrent" sentence previously pronounced from the bench had "commenced to run". United States v. Benz, 282 U.S. 304, 51 S. Ct. 113, 75 L.Ed. 354.

The defendant having been lawfully sentenced to imprisonment for one year and one day to be served "concurrently" with the sentence which he was then serving, re-sentence of the defendant at this time is neither necessary nor appropriate in order to afford him the relief to which he is entitled. The Court has jurisdiction to correct the record entry so as to make it conform to the valid sentence pronounced from the bench. "If the entry is inaccurate, there is a remedy by motion to correct it to the end that it may speak the truth." Hill v. Wampler, 298 U.S. 460, 464, 56 S.Ct. 760, 762, 80 L.Ed. 1283.

The United States Attorney will prepare and submit for entry an order correcting the record entry of the judgment of sentence and the commitment in conformity herewith.