SCHULTZ *v.* STATE OF INDIANA

[No. 28,428. Filed February 8, 1949.]

34

*J. Walter Nowicki* and *Jay E. Darlington,* both of Hammond, for appellant.

*Cleon H. Foust,* Attorney General of Indiana, *Frank E. Coughlin,* First Deputy Attorney General, *Merl M. Wall,* Deputy Attorney General, for appellee.

YOUNG, J.—This appeal grows out of a prosecution for contempt of the Juvenile Court of Lake County, Indiana.

On December 15, 1943, an affidavit was filed charging appellant with neglect of his children, in violation of § 9-2809, Burns' 1942 Replacement, which reads as follows:

"When any child is found to be dependent or neglected, as defined by sections 1 and 2 (§§ 9-2806, 9-2807) of this act, the parent, parents, person or persons having the care, custody or control of such child, or any other person who is or are responsible for, or who by any act or omission of duty encourages, counsels or contributes to the neglect of such child, or who, by reason of wilful neglect of any duty owing by said parent or parents, person or persons to such child, is or are responsible for its neglect or dependency, shall be deemed guilty of a misdemeanor, and, on conviction in any juvenile court, be fined in any sum not exceeding five hundred dollars ($500) ; to which may be added imprisonment in the county jail or workhouse for a period not exceeding six (6) months: Provided, That the court shall have power to suspend judgment and release the defendant from custody on probation for a period not exceeding two (2) years from the date of conviction, on condition that the defendant shall make his or her personal appearance in court whenever ordered so to do within such period and shall provide and care for such dependent or neglected child in such manner as the court shall order and direct. If the court find at any time during such period that the defendant has violated any of the terms of such order, it may forthwith revoke such order and render judgment against the defendant under the original conviction. Unless a judgment is rendered within two (2) years, the defendant shall, at the end of such period, be discharged and such conviction shall be void."

On the same day the court entered the following order and judgment:

"Comes now defendant herein in court in person and by attorney . . . and the court having heard evidence thereon and being duly advised in

the premises finds that the defendant is guilty as charged and that he be ordered to pay a fine of $1.00 together with the costs of this action and that he be ordered imprisoned at the Indiana State Farm for a period of 90 days.

"It is further found that the paying of said fine and costs together with the serving of said sentence should be and the same is hereby suspended upon condition defendant gives written authority to his employer, the Standard Pullman Manufacturing Company to send to the juvenile court at East Chicago, Indiana, defendant's pay check each pay day until further ordered, and that the sum of $50.00 be deducted from said pay check each two weeks and turned over to the person or agency having custody of defendant's six children.

"Defendant is placed on probation to Walter L. Hammond, chief probation officer for a period of two years."

On February 3, 1948, the probation officer of the Lake Juvenile Court filed a petition in that court to revoke the suspension of sentence of December 15, 1943, and to find appellant guilty of contempt for failure to make payments for the support of his children at the rate of $50.00 every two weeks. To this petition appellant filed an answer alleging in substance that he had not neglected or refused to support his children and that prior to December 15, 1943, he had maintained a home for himself and family at Highland, Indiana, but that his wife, in August of 1943, had refused longer to live with him and abandoned their home and had taken their children to live in Chicago. There was a trial as a result of which the following order and judgment was made on February 3, 1948:

"This cause is submitted to Judge of this court for trial and the court having heard evidence herein and being duly advised in the premises finds that defendant herein is in contempt of this court for non-payment of court order entered in this cause

December 15, 1943, in the sum of $1,775.00 from August 27, 1946, to date and that he should serve a sentence of ninety (90) days on the Indiana State Farm and that he should pay a fine of $500.00 for such contempt and that his sentence heretofore imposed and suspended December 15, 1943, should be and remain suspended upon conditions imposed on December 15, 1943.

"It is therefore ordered, adjudged and decreed by the court that defendant herein is in contempt of this court for non-payment of orders heretofore made and for such contempt that he be and he is hereby fined $500.00 and sentenced to the Indiana State Farm for 90 days. Defendant to be continued under suspension of sentence made December 15, 1943, and upon conditions imposed on that date.

"Sentence of 90 days to Indiana State Farm and the fine of $500.00 for contempt is hereby ordered suspended it appearing to the court that defendant has paid the sum of $500.00 on arrears found to be due this day in the sum of $1,775.00.

"This cause continued to February 17, 1948, for further finding and judgment as to total arrears and as to the amount to be paid each month on said arrears and as to order of distribution to Indiana and Illinois Departments of Public Welfare as reimbursement for assistance."

Afterwards on February 17, 1948, the following order and judgment was entered in said matter:

"This cause having been taken under advisement February 3, 1948, for further finding and judgment as to total arrears and as to amount to be paid each month on said arrears and as to order of distribution to Indiana and Illinois Public Welfare Departments as reimbursement of assistance granted children herein, the court now finds that the total arrears on order of December 15, 1943, as of February 16, 1948, is in the sum of $1,900.00 and that defendant, as a further condition of his suspended sentence, granted December 15, 1943, be and is hereby ordered to pay the sum of $20.00 per month on said arrears of said $1,900.00 until paid in full.

Said sum of $20.00 is ordered paid on the 15th day of each month commencing June 15, 1948, until said $1,900.00 is paid in full.

"The court further finds that North Township Trustee expended the sum of $83.10 on behalf of children herein for necessities and that the clerk of the Probation Office of this court at East Chicago, Indiana, should out of such funds as are now on hand in this cause, reimburse said North Township Trustee the said sum of $83.10 in full and said probation clerk is hereby ordered so to do.

"It is further ordered by the court that said clerk of the Probation Office of this court at East Chicago should after such reimbursement of said Township Trustee send all other monies paid, or to be paid, by defendant in this cause on arrears, and on the accruing order, to the Department of Public Welfare of Cook County, Illinois, and by said Department of Welfare of Cook County, Illinois, applied as reimbursement for all sums heretofore, or hereafter, expended by said Department of Public Welfare of Cook County, Illinois, for assistance for children of defendant in this cause in any form or manner and the overplus, after such reimbursement by said department of Public Welfare of Cook County is ordered returned to the clerk of the Probation Office of this court at East Chicago, Indiana, by said Department of Welfare and said clerk is ordered and directed to hold same and seek the further order of this court for disposition of same."

Appellant appealed from these orders of February 3, and February 17, 1948, and asked reversal of same and the return of the $500 shown by the order of February 3 to have been paid by appellant.

The State has confessed that these orders were erroneous and should be reversed but contends that the $500 paid by appellant should not be ordered returned.

Appellant predicates its claim of error upon two grounds. The first reason is that the children of appellant were not on December 15, 1943, and are not now,

residents of Indiana and that, therefore, the court was without jurisdiction over them. In view of the basis upon which we are deciding this case we need not give further consideration to this contention. His second ground is based on the last sentence of § 9-2809, *supra,* which, he contends, says in effect that if after two years there has been no judgment that the defendant has violated the terms of the order, the performance of which was the condition upon which the suspension was predicated, the defendant shall be discharged and his conviction shall be void.

As to appellant's second contention, it is clear that, by the specific words of the statute under which appellant was originally convicted, the two years' lapse ended appellant's liability to pay the fine and serve the sentence imposed for child neglect. The statute says that the sentence may be suspended on condition that the accused parent provide and care for such neglected child in such manner as the court shall order and direct, and the statute provides that if, within the two years of suspension, the court shall find that the defendant has violated the terms of the order for the care of the child in the manner ordered by the court judgment may be rendered against him under the original conviction, but that if within the two years no such judgment is rendered the defendant shall at the end of such period be discharged and such conviction shall be void.

It will be observed that the power to suspend the sentence imposed for child neglect, and the power to order that the parent shall provide and care for his children, and the language discharging the defendant, if he observes such order for two years, are all in the same proviso attached to the principal part of the statute. The order for care of the neglected children is authorized only as an incident to and a condi-

tion of the suspension of sentence, and if, after two years, the defendant has so conducted himself that *ipso facto* he is entitled to be discharged in the case wherein he was charged and convicted and fined and sentenced for child neglect, then it would seem to have been the intent of the legislature that he also be discharged from and relieved of the order which was made the condition for the suspension of his sentence in the child neglect case. In this case it appears that the sentence was suspended and he was placed on probation for two years, and it does not appear that within such two years there was any revocation of the suspension order and, accordingly, under the statute, he was entitled to be discharged in the original action for child neglect and from the incidental order made by the court for the care of his children, and after such two years, he could not be punished for failure to conform to such order. He would not be relieved of his duty to care for his children. If thereafter he failed to care for his children the remedy would be by a new proceeding for child neglect.

There is further reason apparent in this case why the orders appealed from were erroneous. The petition asking that appellant be punished for contempt was predicated upon the mistaken theory that the order of December 15, 1943, required him to pay $50 each two weeks for the support of his children. No such order was made and, therefore, no such order was violated. The order made was that the appellant give written authority to his then employer to send his pay checks to the Juvenile Court of East Chicago, Indiana, who should deduct $50 each two weeks and turn same over to the person or agency having custody of the defendant's six children. There is no claim by the State that he failed to give such written authority. The

order is unambiguous and we are not at liberty to enlarge it beyond the clear meaning of the language used. The case for contempt and revocation of the suspension of sentence of December 15, 1943, was tried on the mistaken theory that the order of 1943 required appellant to pay $50 each two weeks for the support of his children. If, as we have indicated above, there was no order upon appellant to pay $50 every two weeks, then there was no violation charged and the court erred in finding appellant guilty of contempt and in making the order that it did, with reference to arrearages and their payment and distribution.

We think, therefore, that the judgments and orders of February 3 and 17, 1948, should be and they are reversed, with instructions to enter judgment for appellant.

Appellant, however, contends that in addition to a reversal of judgment there should be an order requiring the clerk of the court to return to him the $500 which the order of February 3, 1948, shows he paid to apply on alleged arrearages in the $50 payments mistakenly construed to be required under the order of December 15, 1943. The record does not disclose under what circumstances this payment of $500 was made. Apparently it was a voluntary payment even though, probably, made under a misapprehension and misconception of the judgment of December 15, 1943. No effort was made in the trial court to obtain the return of this money and there is no ruling of the trial court, with respect to appellant's claim to a right to have this money returned.

Appellant's effort to have this money ordered returned to him is, in substance and effect, an original action in this court over which this court has no jurisdiction. Therefore, this court in this case declines to consider the merits of appellant's claim to this

money and appellant's request that this court order same returned to him is denied.

NOTE.—Reported in 83 N. E. 2d 784.