UNITED STATES of America, Plaintiff, v. Clyde K. BELL, aka George Bell, Defendant.

Cr. No. 2905.

District Court, Alaska. Third Division. Anchorage.

Jan. 20, 1955.

Clifford J. Groh, Asst. U. S. Atty., Anchorage, for plaintiff.

Peter J. Kalamarides, Anchorage, for defendant.

McCARREY, District Judge.

This proceeding comes before the court upon a motion for revocation of suspended sentence, signed by Clifford J. Groh, Assistant U. S. Attorney, on November 29, 1954, and giving as a reason for the motion that the grand jury, on November 9, 1954, indicted the said Clyde K. Bell for the

crime of engaging and assisting in operating a house of prostitution.

On December 21, 1953, the defendant pled guilty to the crime of receiving and concealing stolen property, and was orally sentenced to one year, said sentence to commence on the 21st day of December, 1953, the same to be suspended. A minute order to this effect was filed on the same day, and the written judgment, sentence, and commitment was signed by the judge and filed on December 23, 1953. By minute order, the motion was set for hearing on December 7, 1954, at which time a continuance of said motion was granted until December 10, 1954, and bench warrant was issued for the arrest of the defendant on December 8, 1954. The record discloses that the defendant was arrested in Fairbanks on December 18, 1954, and was brought before this court on December 21, 1954, for the hearing of revocation of the sentence, in conformance with the motion filed supra.

The defendant appeared in court without counsel, and at his request, the matter of revocation was continued until December 27, 1954, in order to permit the defendant an opportunity to obtain counsel. On December 27, 1954, the defendant appeared in court with his counsel, and arguments were heard by the court concerning defendant's arrest, service of warrant, and matters germane thereto. After argument of both counsel, the District Attorney requested that the hearing be continued until December 28, to assure proper arrest and service of notice, etc. On December 28, an argument was heard on the sufficiency of the petition and decision was reserved.

The defendant contends that the court no longer has jurisdiction over the matter to revoke the suspension of sentence, for the reason that the term of the sentence had run, and in support of this contention, he relies on A.C.L.A.1949, 66–16–31; Ex parte Miller, 1949, 88 Okl.Cr. 441, 203 P.2d 890; Schultz v. State, 1949, 227 Ind. 33, 83 N.E.2d 784; People v. Kastel, 1939, 172 Misc. 784, 17 N.Y.S.2d 418; and People ex rel. Meadowcroft v. Ashworth, 1945, 185

Misc. 384, 56 N.Y.S.2d 756. This is the crux of the entire proceeding presented to this court for determination.

In suspending execution of the sentence in December of 1953, this Court was exercising the discretionary power given it by A.C.L.A.1949, 66–16–31, and in revoking such suspension the court is governed by the limitations placed on such power by that and companion Section 66–16–32. Section 66–16–31 provides in part that " * * * no suspension of sentence shall be revoked after the expiration of one year from the date of such sentence * * *." Section 66–16–32 provides "Whenever sentence has been stayed and suspended as provided in this Article, such suspension shall not be revoked except for good cause shown, and in all proceedings for the revocation of suspension of sentence, the defendant shall be entitled to reasonable notice and the right to be represented by counsel."

■ The first problem to determine is: When did the one year time limit begin?; and the second, At what date was it concluded, as provided in Section 66–16–31, 1949 A.C.L.A.? The phrase "date of such sentence" used in Section 66–16–31 refers to the phrase "time of imposing the sentence" employed earlier in the same section. Two dates might be considered as the time of imposing sentence upon this defendant; December 21, when sentence was imposed orally, or December 23, when the formal judgment, sentence, and commitment was signed by the judge.

■ The defendant must be present when sentence is orally pronounced, but he need not be present when it is later written out and signed or when it is filed. 15 Am. Jur., Criminal Law, pp. 113, 114, Sec. 455. In a criminal case "judgment" and "sentence" are synonymous. O'Hara v. Montgomery, 1936, 275 Mich. 504, 267 N.W. 550; People v. LaSasso, 1943, 182 Misc. 538, 44 N.Y.S.2d 93. The judgment in a criminal case is the pronouncement by the court from the bench. Walden v. Hudspeth, 10 Cir., 1941, 115 F.2d 558; Watkins v. Merry, 10 Cir., 1939, 106 F.2d

360; Wilson v. Bell, 6 Cir., 1943, 137 F.2d 716; U. S. v. Whitehead, D.C., 1946, 64 F.Supp. 57. From the foregoing it is clear that sentence was imposed upon the 21st day of December, 1953, when it was pronounced orally from the bench.

■ In determining the passage of one year, the law does not count part days. Thus, the defendant having been under the sentence of this court for part of December 21, 1953, the whole day must be counted. Therefore, the one year expired at midnight of December 20, 1954.

■ It has been urged upon the court that section 66–16–31, A.C.L.A.1949, is on the same footing as the various statutes of limitation; that is, that the commencement of the revocation proceeding should toll the time limitation. It is to be noted, however, that the usual statute of limitations generally provides that a given action must be commenced within a certain period, whereas the statute here in question provides that the action of revocation cannot be commenced after the expiration of the given period. It is academic that the suspended sentence could not be revoked until an order of the court had been given, and such an order had not, in fact, been given by the court on the 21st day of December, 1954. Hence, an order revoking the suspended sentence of the defendant could not in fact be given within the time provided in the statute; while, in contrast, an action coming within the purview of the statute of limitations need only be commenced within the time certain. Therefore, the statute in question is clearly distinguishable from the statutes of limitation.

I am, therefore, of the opinion that when the defendant came before this court on December 21, 1954, this court was without power to revoke the suspension of the prior sentence of December 21, 1953, for the reason that the one year period of time had elapsed since the oral judgment had been imposed.