## BOOTH v. UNITED STATES.
### No. 13253.

United States Court of Appeals
Ninth Circuit.

Aug. 21, 1952.

Rehearing Denied October 22, 1952.

Ernest Grandville Booth, pro. per.

Walter S. Binns, U. S. Atty., Clyde C. Downing, Asst. U. S. Atty., Chief of Civil Division, Max F. Deutz, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and BONE, Circuit Judges.

DENMAN, Chief Judge.

Booth appeals from an order of the district court denying him his application for a writ of habeas corpus directed to Dr. Marion R. King, Superintendent of the California Medical Facility, a California State Institution at San Pedro, California. The application alleged that Booth was illegally held under two judgments of the United States District Court for the Southern District of California in which he pled guilty under the fraudulent representation of the prosecuting attorney.

Although it was not questioned and the district court in fact found that Booth was in the custody of the California state institution, that court issued an order to show cause to the United States Marshal. Upon this a hearing was had, findings of fact made and conclusions of law drawn upon which it held that the judgment of the United States District Court was validly rendered.

We think that the district court was without jurisdiction to issue the order to show cause against the United States Marshal, who, the court found, did not have Booth's custody. 28 U.S.C. 2243. The decision must be reversed as to the holding that the federal judgment was validly procured. However, we think the judgment denying the application must be sustained because it appears that Booth is not entitled thereto. 28 U.S.C. 2242.

Booth's application alleges that "On May 19th, 1947, your petitioner was sentenced in the California State Superior Court for two counts of robbery. On May 28th, 1947, the U. S. District Court for the Southern District of California, issued its Order directing the release from federal custody and jurisdiction into the custody jurisdiction of the State of California so petitioner

could begin service of the State-imposed sentence. The Order was executed and approved by the U. S. District Attorney."

Booth raises no question as to the validity of the state sentence which he had begun to serve on May 28th, 1947.

While the application does not state that the state sentence has expired, it appears from the record brought here by Booth that it was for 10 years to life and he does not question the fact as stated in the brief of the appellee. That is to say, the Dr. King against whom Booth's application seeks the writ holds Booth's body under a valid judgment.

■■ It is elementary that even when a judgment is void, "its operation may be stayed by habeas corpus only through the exercise of the authority of the court to remove the prisoner from custody. That authority cannot be exercised where the custody is lawful." McNally v. Hill, Warden, 293 U.S. 131, 139, 55 S.Ct. 24, 27, 79 L.Ed. 238; McNealy v. Johnston, 9 Cir., 100 F.2d 280, 281. Upon this ground the application for the writ should be denied.

■ The district court's decision was rendered before the Supreme Court in United States v. Hayman, 342 U.S. 205, 72 S. Ct. 263, had reversed our decision in Hayman v. United States, 9 Cir., 187 F.2d 456, holding that 28 U.S.C. 2255 is invalid. We have since held that the motion proceeding of § 2255 for attacking a federal judgment is exclusive save where the remedy by motion is inadequate or ineffective to test the legality of the detention. Jones v. Squier, 9 Cir., 195 F.2d 179; Winhoven v. Swope, 9 Cir., 195 F.2d 181.

Booth moved under § 2255 to set aside the first of his federal sentences. The motion was denied. No appeal was taken. He again moved under that section to set aside both sentences. That motion was denied without appeal. In both cases the court relied on the decision in the Hayman case that the section is invalid. Assuming it may be contended that our decision was the law of the circuit and made § 2255 ineffective to test the legality of Booth's de-

tention, we have given the habeas corpus application the above consideration and find it without merit.

The judgment denying the application for the writ is affirmed.