## WINHOVEN v. UNITED STATES.
### Misc. No. 309.

United States Court of Appeals
Ninth Circuit.
Dec. 7, 1953.

Willard A. Winhoven, in pro. per.

Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

DENMAN, Chief Judge.

Winhoven moves to proceed in forma pauperis in his appeal from the denial of a 60(b) motion to reopen a 28 U.S.C. § 2255 proceeding to set aside a sentence to the federal penitentiary. Such a motion requires a showing that the moving party has a cause of action and that if he has not and his appeal is frivolous, it will be dismissed. 28 U.S.C. § 1915 (a) and (d).

This 2255 proceeding was brought to set aside a sentence of twenty-five years' imprisonment for the crime of a violent attempt to rob a post office clerk in violation of Title 18 U.S.C. § 320 [now 1948 Revision, 18 U.S.C. § 2114]. From the adverse decision in the 2255 proceeding, Winhoven did not make a motion for a new trial or rehearing and did not appeal. Subsequently, he filed an application for writ of habeas corpus which on appeal we treated as a second 2255 motion. There we stated of the second 2255 motion that: "The decision on the first motion is not void and subject to collateral attack in such a second motion." Winhoven v. Swope, 9 Cir.,

195 F.2d 181, 183. Not having sought certiorari, this decision is the law of the case.

■ This was followed by the instant proceeding in which he attacked the 2255 judgment under Rule 60(b) (4), Fed. Rules Civ.Proc. 28 U.S.C., as a void judgment. The district court denied the 60(b) motion on the ground that his exclusive remedy was by appeal from that judgment, from which denial the instant appeal is now pending. In Winhoven's 60(b) motion he makes the following statement with reference to another five-year sentence pending at the time he filed his first 2255 motion:

> "Also if defendant elected to appeal the court's denial of his motion, then on favorable decision in the Appellate Court the cause would but be remanded back to the trial court for proceedings in conformity with the provisions of Section 2255. An[d] again on a decision favorable to the defendant in the trial court defendant's release from custody would not be involved for the reason that he was serving a separate sentence of five years that was adjudged to run consecutive to the sentence attacked in the motion."

That is to say, that his fully conscious reason for his not appealing from the original 2255 judgment entered on June 21, 1949, is that he knew that another sentence of five years he was then serving concurrently with the sentence attacked in the 2255 proceeding would have shown that the court was without jurisdiction, § 2255 providing that its re-lief applies only to "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released * * *." The Supreme Court has held in the case of United States v. Hayman, 342 U.S. 205, 219, 72 S.Ct. 263, 96 L.Ed. 232, that the 2255 motion in cases involving federal imprisonment is a substitute for the writ of habeas corpus. That Court also has held that the application for the writ cannot be entertained where the applicant is serving an unexpired term under another sentence. McNally v. Hill, 293 U.S. 131, 139, 55 S.Ct. 24, 79 L.Ed. 238. See also, Crow v. United States, 9 Cir., 186 F.2d 704, 706; United States v. Kerschman, 7 Cir., 201 F.2d 682.

■ The ground of the 60(b) motion is that the judgment in the original 2255 proceeding entered on June 21, 1949, was procured without producing him at the trial of the proceeding or appointing any counsel for him there. Being then fully conscious of the fact that on appeal in that proceeding he could have shown the failure to produce him at the trial of the 2255 proceeding, he is now without the right to seek the same relief which he could have had by such an appeal. Ackermann v. United States, 340 U.S. 193, 198, 71 S.Ct. 209, 95 L.Ed. 207.

■ Winhoven's motion to appeal forma pauperis discloses that he has no cause of action and his appeal from the judgment of the district court denying his 60(b) motion is frivolous and is ordered dismissed.