**BOOTH v. UNITED STATES.**
No. 13936.

United States Court of Appeals,
Ninth Circuit.
Dec. 21, 1953.

Writ of Certiorari Denied
March 8, 1954.

See 74 S.Ct. 525.

Ernest Grandville Booth, San Pedro, California, in pro. per.

Laughlin E. Waters, U. S. Atty., Clyde C. Downing, Asst. U. S. Atty., Chief, Civil Division, Max F. Deutz, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

DENMAN, Chief Judge.

Booth appeals from an order of the district court in a proceeding under 28 U.S.C. § 2255 denying on the merits a motion to vacate and set aside a sentence.

In 1943, Booth was convicted of the crime of conspiracy to commit theft from interstate commerce in district court case No. 16,167. This conviction was reversed on appeal for an error in jury instructions. Booth v. United States, 9 Cir., 154 F.2d 73. In 1947, Booth was indicted in district court case No. 19,263 on a charge of bank robbery. On April 21, 1947, he appeared before Judge Weinberger for arraignment and plea. At that time, through his counsel, he asked for a delay in proceedings to permit him to plead to a similar robbery charge in the California state courts. This was granted and on May 19, 1947, Booth was sentenced in the state court proceedings. On May 28, 1947, Judge McCormick entered an order directing the United States Marshal to release Booth to the Sheriff of Los Angeles County

so that he might enter upon the service of the state sentence. At all relevant times thereafter, Booth has been in the custody of California officials pursuant to the state sentence. On June 6, 1947, Booth appeared in the court below and pleaded guilty on both indictments and received consecutive sentences of five and fifteen years, both to run concurrently with the state sentence theretofore imposed.

In 1950, Booth filed a motion under § 2255 to vacate and set aside the above federal sentences which was denied on the authority of United States v. Hayman, 9 Cir., 187 F.2d 456, reversed 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. A second such motion to vacate was denied by a minute order dated May 25, 1951. On October 25, 1951, a petition for writ of habeas corpus was filed by Booth. A show cause order was issued. On November 26, 1951, the court ordered the discharge of the order to show cause and denied the petition for the writ. An appeal was taken to this court and the order was affirmed. Booth v. United States, 9 Cir., 198 F.2d 991 certiorari denied, 344 U.S. 909, 73 S.Ct. 330.

The instant motion for relief under 28 U.S.C. § 2255 was filed on January 30, 1952. The matter was held in abeyance pending determination of the appeal from the denial of the writ of habeas corpus. The matter was set for hearing on March 4, 1953, and a writ of habeas corpus ad testificandum was issued under which Booth was brought into court from the state prison. The court denied the § 2255 motion on the merits.

For this second time a federal district court has held a hearing, made findings of fact, and drawn conclusions of law upon which it has held that the judgment of the United States District Court was validly procured. As in Booth v. United States, 9 Cir., 198 F.2d 991 certiorari denied, 344 U.S. 909, 73 S.Ct. 330, the judgment must be reversed as to the holding that the federal judgment was validly procured; but the judgment itself, denying relief under § 2255, must be affirmed for the reason

that the district court was without jurisdiction to entertain the second application for § 2255 relief.

Section 2255 relief is available to "A prisoner *in custody under sentence* of a court established by Act of Congress * * *." (Emphasis supplied.) Booth is currently in custody under a sentence of a state court. The fact that federal sentences have been imposed which are to run concurrently with the state sentences does not make the state custody "custody under sentence" of a federal court. Section 2255 relief is available only to persons who were entitled to relief by a writ of habeas corpus. United States v. Hayman, 342 U.S. 205, 219, 72 S.Ct. 263, 96 L.Ed. 232. In McNally v. Hill, Warden, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, an applicant for a writ of habeas corpus was denied relief because, as here, there was a valid unexpired sentence not under attack. The Supreme Court stated, 293 U.S. at page 139, 55 S.Ct. at page 27, 79 L.Ed. 238, that even when a judgment is void, "its operations may be stayed by *habeas corpus* only through the exercise of the authority of the court to remove the prisoner from custody. *That authority cannot be exercised where the custody is lawful.*" (Emphasis in last sentence added.)

This court has held that the district court has no jurisdiction to entertain a § 2255 petition by a person in Booth's position. In Crow v. United States, 9 Cir., 186 F.2d 704, 706, we stated of § 2255 that:

"The court's jurisdiction thereunder is coextensive with the jurisdiction of the court passing upon an application for the writ [of habeas corpus].

\*     \*     \*     \*     \*     \*

"Relief under habeas corpus is limited to release from present detention. It is not available to test the legality of threatened detention. It does not lie to secure a judicial decision which, even if determined in the prisoner's favor, would not result in his immediate release."

See also United States v. Kerchman, 7 Cir., 201 F.2d 682. These cases make it clear that neither habeas corpus nor § 2255 is available to Booth to attack collaterally his federal sentence as long as he is in custody under state sentence.

Booth's case is unlike that of Winhoven v. United States, 9 Cir., 209 F.2d 417, where Winhoven concealed from the court his co-existing unserved sentence. Here the district court was advised of Booth's imprisonment under a state sentence, since the writ of habeas corpus ad testificandum was addressed to the state official having him in custody.

The judgment denying the motion to vacate and set aside the sentence is affirmed.