**Ernest Grandville BOOTH, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 15606.**

United States Court of Appeals
Ninth Circuit.

Jan. 15, 1958.

Ernest Granville Booth, in pro. per.

Laughlin E. Waters, U. S. Atty., Louis Lee Abbott, Leila F. Bulgrin, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and CLARK, District Judge.

CLARK, District Judge.

This is an appeal by Booth from an Order denying motion to set aside and vacate sentence imposed in 1947.

It is unnecessary to detail the facts as to the history and background of the matter presented here as it has twice been presented to this Court. Booth v. United States of America, 198 F.2d 991, and Booth v. United States of America, 209 F.2d 183.

Four assignments of error are set out by appellant Booth, as follows:

"No. 1. The Court erred in not granting the motion to vacate on specification '5' that the challenged judgment No. 19,263 was imposed at a time when the Court was without any jurisdiction of the Defendant or jurisdiction to impose it. And this vital allegation was not traversed or in any manner controverted at the hearing.

"No. 2. The Court erred in finding that the guilty plea, upon which the judgment solely rests, was valid: Because the evidence taken at the hearing was overwhelming with bargaining, fraud, coercion and overreaching.

"No. 3. The Court's failure to legally arraign the appellant was a disregard of due process and a violation of the rights of the accused under the sixth amendment 'to be judicially informed of the nature of the cause filed against him'

"No. 4. The Court erred when, during a hearing under Section 2255, and over appellant's objection, it declared into evidence ex-parte affidavits and a deposition of a Government witness, and considered that proscribed testimony in reaching its decision to deny the motion."

▮ As to these assignments we will only say: The District Court had jurisdiction at the time of sentence even though at that time appellant was serving a sentence imposed by the State Court. Wall v. Huspeth, 10 Cir., 108 F. 2d 865. It should be stated here that the appellant Booth requested the delay when brought before the Court below for arraignment, so that he might enter his plea to a State Court charge. This request was granted.

▮ As to "bargaining" etc., If there was any "bargaining" or "understanding" as contended by the appellant, it was that the District Attorney would recommend that the sentence run concurrently with the sentence of the State Court which had theretofore been imposed. This recommendation was made by the District Attorney and it is a part of the judgment "that the sentence herein shall run concurrently with whatever remainder there be, if any, to be served of the sentence imposed by the State Court."

▮ As to the contention that there was failure to legally arraign the appellant: The record shows an arraignment in 1947. It is also shown by the record that Booth was represented by, or had available, counsel at all times during these proceedings. In fact, it appears from the record that this appellant was fully aware of what was going on at all times. He was a man with considerable experience in Court procedure.

▮ The contention here that the lower Court erred in declaring into evidence certain ex-parte affidavits and the deposition of a Government witness is without merit. These factors were undoubtedly taken into consideration by the lower Court, who had a right to consider the entire record in passing upon the motion.

▮ From a reading of the two cases of Booth v. United States of America, mentioned above and the record presented here it is very apparent that this man was not denied any right during this entire proceeding which covers some ten years. He voluntarily entered his pleas of guilty and was sentenced on such pleas. This is another case wherein a defendant, after having entered a plea of guilty, is sentenced and, while serving the sentence imposed, files petition after petition and, as is the practice of our Courts, appellant here was given every opportunity to be fully heard, and his every right has been protected.

The judgment of the Lower Court should be and is affirmed.