## THOMAS *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 123, September Term, 1963.]

*Decided April 20, 1964.*

Before the entire Court.

PER CURIAM.

On April 26, 1961, Robert L. Thomas pled guilty in the Criminal Court of Baltimore of having violated the narcotic laws a third time and was sentenced to ten years in the Penitentiary. He took no direct appeal.

On January 17, 1962, he filed his first petition for post conviction relief, in which he contended: (1) that his conviction was based on illegally obtained evidence; (2) that he was illegally arrested; and (3) that his counsel had not put forth his best efforts in his behalf, but he did not then contend that the search for and seizure of the narcotics had induced him to plead guilty. The judge who heard the first petition held that the voluntary plea of guilty precluded the petitioner from raising a question as to the illegality of the evidence and found that the second contention was without merit. Apparently the hearing judge did not pass on the third contention, but the petitioner did not apply for leave to appeal.

On September 18, 1963, the petitioner filed a second petition

for post conviction relief, in which, in addition to renewing contentions (1) and (2) that he had made in the first petition concerning the legality of his arrest and the search for and seizure of the narcotics, he contended (3) that his plea of guilty was induced by the illegal search and seizure; (4) that the indictment erroneously charged him with being a third instead of a second offender; and (5) that his prior criminal record was erroneously presented to the Grand Jury. The judge who heard the second petition correctly held that the first and second contentions could not be raised a second time and that the fourth and fifth contentions were not grounds for relief in a post conviction proceeding. He also ruled that the third ground for relief, (guilty plea induced by illegal search and seizure) claimed by the applicant, was without merit. Without passing on the soundness of the reasons for that conclusion, we think relief should have been denied as to this point on the ground that it could reasonably have been raised in the first petition. *Smallwood v. Warden,* 231 Md. 652; Code (1963 Cum. Supp.), Art. 27, § 645H; Maryland Rule BK48.

*Application denied.*