Robert L. **THOMAS**

v.

**WARDEN, MARYLAND PENITENTIARY.**

Civ. A. No. 14570.

United States District Court
D. Maryland.

Dec. 22, 1964.

———◆———

Benjamin L. Brown, Baltimore, Md., court-appointed attorney, for petitioner.

Thomas B. Finan, Atty. Gen., of Maryland, and Robert F. Sweeney, Asst. Atty. Gen., for respondent.

NORTHROP, District Judge.

Robert L. Thomas having exhausted his state remedies, this court issued a show cause order on his petition for writ of habeas corpus and held a hearing on November 27, 1964.

Before his trial commenced on April 26, 1961, in the Baltimore City Court, Thomas pleaded guilty to six counts of a ten-count indictment charging possession of narcotics, and was then sentenced to ten years, the minimum mandatory sentence under the Maryland statute.*

Petitioner contends that his plea of guilty was involuntarily made because, (1) he would have been confronted at his trial with evidence resulting from an illegal search; (2) of an illegal arrest, and (3) of advice of his attorney whom he had retained the day after his arrest. These questions were raised in Thomas' post conviction hearing in the state court. He alone testified. On his petition to appeal (which was denied, Thomas v. Warden, 234 Md. 636, 199 A.2d 618 (1964)) the state in its brief indicated that the issues raised by Thomas "may well be * * * worthy of more detailed consideration". It is probable that Thomas has standing to raise the issue of the voluntariness of his plea and that this court must determine that the historical facts are properly developed. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

The evidence and testimony produced the following facts:

Upon information received from an arrested narcotics addict on or about the ninth of March, 1961, two members of the narcotics squad of the Baltimore City Police Department went on the next night to the house where Thomas was a tenant, waited in an areaway for about one hour, and when a Mrs. Irene Crosby sought admission to the premises, followed her into the house. The police then determined, by examining Thomas' arm, that he was a narcotics user. They then conducted a search of the premises and found in Thomas' room a package containing heroin and a hypodermic needle with other paraphernalia. In the hallway between Thomas' room and that of the landlady, Mrs. Mildred Powell, they found two packets of marihuana.

The police admitted that they had no arrest or search warrant.

While in the process of making the search, Mrs. Powell with one Albert McAllister entered the premises, and both were searched and placed under arrest.

Thomas, while admitting in this court that he was a narcotics user at the time of his arrest, denied that the narcotics which the police discovered were his. This he also denied at the time of his arrest, although the heroin, syringe and hypodermic needle were found in his room.

George L. Russell, Jr., his attorney in the state proceeding, testified before this court that Thomas desired to plead guilty and that he advised Thomas to, for the following reasons:

1. Certain admissions were made by Thomas at and after his arrest.

---

* Annotated Code of Maryland, Article 27, § 300, 1964 Cum.Supp.:
"* * * For a third or subsequent offense, or if the offender shall have been convicted previously two or more times in the aggregate of any violation of the laws of the United States or of any other state, territory or district relating to narcotic drugs or marihuana, the offender shall be fined not more than three thousand dollars ($3,000) and be imprisoned not less than ten or more than twenty years. * * *"

2. At that time, evidence illegally seized by the state was admissible.

3. Thomas did not wish to get Mrs. Powell into trouble.

4. Thomas had an active case of tuberculosis.

Russell also told Thomas that if he pleaded guilty, he felt certain that the charges against Mrs. Powell and Mr. McAllister would be dropped, as they ultimately were. There is no testimony that the state made any representation to either Thomas or Russell of any kind, and, more particularly, that charges against Mrs. Powell would not be pressed, although Thomas' court-appointed counsel in these proceedings, Benjamin L. Brown, would have this court draw such an inference.

> "In Kent v. United States, 1 Cir., 1959, 272 F.2d 795, 798, one of defendant's contentions, in a motion under section 2255, was that he pled guilty to a charge of bank robbery so that his fiance, who had also confessed, would not be prosecuted as an accessory. The court there stated, 'We are not prepared to say that it can be coercion to inform a defendant that someone close to him who is guilty of a crime will be brought to book if he does not plead. If a defendant elects to sacrifice himself for such a motive, that is his choice, and he cannot reverse it after he is dissatisfied with his sentence, or with other subsequent developments.' Cf. Booth v. United States, 9 Cir., 1958, 251 F.2d 296." Cortez v. United States, 9 Cir., 337 F.2d 699 (1964).

 The court stenographer at the trial of April 26, 1961, testified at the November 26 hearing that upon Thomas' plea of guilty, there was a brief statement of Thomas' arrest, but that no heroin, marihuana or paraphernalia was produced at the hearing; obviously his plea necessitated no production of evidence.

The sum of historical facts here developed clearly show that Thomas was arrested illegally as a result of an illegal search the night of March 10, 1961; that he then retained a very able and competent attorney, George L. Russell, Jr., the next day; and that he maintained his plea of not guilty until called for trial. Thomas denied that the heroin and paraphernalia found in his room were his, and continues to so deny, although he admits to having been a user at the time of arrest, and admits that the heroin and equipment were found in his room.

From all the facts, it is evident that Thomas was acquainted with what faced him. The competency of his attorney, George L. Russell, Jr., cannot be questioned. Thomas had four stated reasons why he wished to plead guilty. Which of these was the principal reason is not disclosed. There is no evidence as to physical or mental coercion of any kind by the state, nor of collusion with his attorney. See Tyson Thomas v. Warden, unreported, filed September 17, 1964, No. 9566 (4 Cir.).

Here a plea of guilty was entered voluntarily after consultation with competent counsel of his own choice.

> "The important thing is * * * that the plea shall be a genuine one, by a defendant who is guilty; one who understands his situation, his rights, and the consequences of the plea, and is neither deceived nor coerced." Cortez v. United States, 337 F.2d 699, 701.

 A plea of guilty voluntarily and knowingly made is a conviction of the highest order. Bennett v. Warden, 223 Md. 664, 164 A.2d 285 (1960). It obviates the necessity of proving the offense charged. See Cason v. Director of Patuxent, 236 Md. 344, 203 A.2d 905, decided October 21, 1964. In federal practice a voluntary guilty plea prevents collateral attack on a conviction even after illegal arrest. Sullivan v. United States, 315 F.2d 304 (10 Cir. 1963); Watts v. United States, 107 U.S.App. D.C. 367, 278 F.2d 247 (1960). Nor is Hall v. Warden, 313 F.2d 483 (1963), cert. den. Pepersack v. Hall, 374 U.S.

809, 83 S.Ct. 1693, 10 L.Ed. 1032, available to him as his conviction does not result from illegally seized evidence, but from his plea. Can he take one of his reasons for that guilty plea, the possible production of illegally seized evidence at the trial, and unlock his prison door? This court cannot ascribe to so drastic an extension of the Hall doctrine of making retroactive Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

It is, therefore, this twenty-second day of December, 1964, by the United States District Court for the District of Maryland,

Ordered that the petition for a writ of habeas corpus be, and it is hereby, denied in accordance with the reasons set forth in the preceding opinion.

The clerk is directed to mail a copy of this memorandum and order to the petitioner, to counsel for petitioner, and to the Attorney General of Maryland.