718

**Robert RODRIGUEZ**

v.

**H. L. HANCHEY, Warden.**

**Misc. No. 792.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

June 21, 1965.

Robert F. Kennon, Jr., Baton Rouge, La., Court-appointed, for petitioner.

Jack P. F. Gremillion, Atty. Gen. of Louisiana, Teddy W. Airhart, Jr., Asst. Atty. Gen. of Louisiana, Baton Rouge, La., for respondent.

WEST, District Judge.

Petitioner, Robert Rodriguez, applies to this Court for the issuance of a writ of habeas corpus. He is presently incarcerated in Louisiana State Penitentiary at Angola, Louisiana, serving a fifteen year sentence for violation of Louisiana Revised Statutes 40:962 (Illegal Possession of Narcotics) and Louisiana Revised Statutes 15:529.1 (Multiple Offender Statute). As grounds for his application for habeas corpus, petitioner contends in his pleadings that (1) he was convicted on evidence obtained by an illegal search and seizure, (2) he has been denied a transcript of the state court proceedings had against him, and (3) the bill of information filed against him in the state court proceedings was defective. During the hearing in this court, petitioner raised, for the first time, the contentions that his constitutional rights have also been violated in that (4) his attorney did not have time to prepare his case when he was tried in the state court, (5) he did not plead guilty to the multiple offender charge in the state court, and (6) he was beaten by one of the officers at the time of his arrest.

Counsel was appointed by this Court to represent petitioner, and a full evidentiary hearing was held. A transcript of all available records pertaining to the state court proceedings have been furnished to and studied by this Court. While there was no recording of the actual testimony made, nevertheless, there are sufficient minute entries, briefs, motions, orders and rulings of the trial court available to properly evaluate the validity of the state court proceedings. After due consideration of the record herein, including the records of the state court proceedings and the briefs and arguments of counsel, this Court concludes that petitioner's application for the issuance of a writ of habeas corpus must be denied.

■ For two days prior to April 18, 1962, the officers of the Narcotic Squad of the New Orleans Police Department had been searching for one Craig Miller, who was wanted for armed robbery, and who was also known by the police to traffic in and use narcotics. These officers had obtained a search warrant covering the premises at 1527 Euterpe Street in New Orleans, Louisiana, for the purpose of searching for narcotics, weapons, and a stocking used in an armed robbery. During their search of those premises they had found certain narcotics, but they were unable to locate Craig Miller. At about 10:30 a. m. on April 18, 1962, one of the officers received a tip from an informer whom he believed to be reliable to the effect that Craig Miller was on his way to the premises at 1127 St. Roch Avenue in New Orleans, and that he did not know how long Miller might remain there. The officers rushed to that address. They did not have a search warrant covering those premises. When they arrived, they were able to see through a window, and they immediately recognized Craig Miller lying on a sofa. At that time they did not intend to search the premises, but intended only to arrest Miller if he was there, and if he was not there, to keep the place under surveillance. When they saw Miller on the sofa,

they knocked on the door. Petitioner, Robert Rodriguez, came to the door. He was told by the police that they were police, and that they wanted Craig Miller for armed robbery, whereupon petitioner slammed the door shut. When the police forced entry through the door, Miller jumped from the sofa and attempted to run. He was apprehended and arrested by one of the officers. At the same time petitioner, Rodriguez, ran down a hallway toward a dresser or chifforobe. When the officer who was pursuing him saw him reach for the top drawer of the dresser, he grabbed him and pinned him against the wall, and then looked in the top drawer of the dresser. When he did so he discovered what appeared to be marijuana cigarettes and forty-nine capsules of what turned out to be a mixture of morphine and codeine. Another officer placed handcuffs on Rodriguez and a complete search of the apartment was then made in search of other narcotics and the gun that was used in the robbery for which Miller was wanted. Craig Miller, Robert Rodriguez, and Josephine Rodriguez, the petitioner's wife, were all placed under arrest and charged with illegal possession of narcotics. These charges were lodged via bills of information filed on May 3, 1962. On May 17, 1962, all three defendants were arraigned and pleaded not guilty. Miller and petitioner's wife, Josephine, were represented throughout by counsel apparently of their own choice. The case was set for trial on September 19, 1962, and it was not until September 18, 1962, that petitioner requested separate counsel from that of his wife. This request was immediately granted, and Attorney John T. Dolan of the New Orleans Legal Aid Bureau was appointed to represent petitioner. He immediately moved for a continuance of the trial, but his motion was denied. However, on the hearing before this Court, Mr. Dolan testified that he was not, in fact, in any way prejudiced by the denial of his motion because of the fact that after conferring with the other attorneys, he concluded that the defenses

of all three on this particular charge were identical and that he had the benefit of the thorough preparation made by the attorneys for Miller and Josephine Rodriguez. Some time prior to trial, on August 8, 1962, motions to suppress the evidence now complained of were filed on behalf of Miller and Josephine Rodriguez. Hearings were held and on September 17, 1962, the motions were denied. On the day of the trial, Mr. Dolan filed a similar motion, on the same grounds, on behalf of petitioner, which motion, for the same reasons previously given by the Court, was also denied. The case against all three defendants was tried to a jury on September 19, 1962, and all three defendants were found guilty as charged. On September 28, 1962, Miller was sentenced to ten years in the State Penitentiary, and Josephine Rodriguez was sentenced to five years, but her sentence was suspended. Sentencing of petitioner was continued to be re-assigned because the Court was advised that a bill of information would be filed against petitioner charging him with being a multiple offender under the provisions of Louisiana Revised Statutes 15:529.1. This bill of information was filed on October 3, 1962, and on October 15, 1962, the petitioner appeared in Court, accompanied by his attorney, Mr. Dolan, and through his attorney, waived the reading of the information and pleaded guilty. He was then sentenced pursuant to Louisiana Revised Statutes 15:529.1 to serve fifteen years in the Louisiana State Penitentiary. Even though petitioner contends that he did not plead guilty to the multiple offender charge, nevertheless, the record of the state court proceedings clearly established these facts, and if, after a review of the record, there was any doubt about it, the testimony of Attorney John Dolan before this Court eliminates any such doubt. Thus, there is no merit to petitioner's claim now that he was sentenced without pleading guilty or that there was any defect in the bill of information under which he was charged and convicted. No federally guaranteed rights were violated as far as that aspect of this case is concerned.

◼ With regard to petitioner's lately asserted claim that he was beaten by a police officer, little need be said. This defense was never before raised, and it was not even called to the attention of the attorney appointed by this Court to represent petitioner in the present proceedings. It was asserted purely as an afterthought by petitioner near the close of the hearing before this Court. There is no evidence whatsoever to support the charge, and there is thus no merit to that contention.

◼ Under different circumstances, it might be held that appointment of an attorney on the day before trial could fall short of affording a defendant his constitutional right to the assistance of counsel at all stages of the proceedings against him. However, in this case, there is little doubt but that the attorney who was representing petitioner's wife, Josephine, was also representing petitioner until the day before the trial. At that time it was apparently decided that it would be best for Josephine if her case could be severed from the other defendants. Petitioner was in full accord with that decision. Consequently, a motion for severance was filed on behalf of Josephine, and a request for assistance of counsel was filed on behalf of petitioner. Counsel was immediately appointed by the Court to represent petitioner and the trial was held on the following day. Charges against petitioner and his wife, Josephine, being the same, and the defenses urged being identical, no severance was granted. Petitioner's attorney, Mr. Dolan, testified that he was not, in fact, prejudiced by the late appointment. Thus the Court finds no merit to this complaint of petitioner.

◼ Petitioner claims that his rights have been violated in that he has been denied a transcript of the record of the state court proceedings had against him

At the time of his request for a copy of the transcript, there were no proceedings pending in court either against petitioner or in his behalf and consequently, there existed no federally protected right in this regard. But despite that fact, petitioner has, in fact, been furnished copies of all proceedings had in the state court insofar as such proceedings were recorded, and, after scrutinizing those records, this Court concludes that they are sufficient and adequate to protect petitioner's constitutional rights.

And lastly, petitioner protests that evidence which was the fruit of an illegal search and seizure was used against him at his trial. A study of the record, and a consideration of the testimony adduced at the hearing before this Court leads to the conclusion that such contention is also without substance or merit. Certainly there existed, at the time of petitioner's arrest, probable cause to believe a felony was being, or had been committed. Before attempting to enter the premises involved, the police officers properly identified themselves and asked to be admitted. They had what they considered reliable information that a fugitive from justice was being harbored within the premises. They actually saw the fugitive, Miller, within. When the door was slammed in their faces by petitioner, there was no doubt left that petitioner was protecting and harboring a fugitive for whom the police had been searching continuously for the preceding two days. After being refused entry, and after forcing their way into the premises, the action of petitioner certainly created probable cause for his arrest and also for the search and seizure made in connection therewith. This same contention was considered by the state court and determined adversely to petitioner. This Court agrees with that determination. Thus, for these reasons, petitioner's application for the issuance of a writ of habeas corpus must be denied.