**STATE OF LOUISIANA, ex rel. James PICARD PMB #61518**

v.

**J. Wayne ALLGOOD, Warden, et al., Louisiana State Penitentiary.**

Misc. No. 871.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Aug. 30, 1967.

John S. Covington, Hunt & Covington, Baton Rouge, La., appointed by the Court to represent petitioner.

Jack P. F. Gremillion, Atty. Gen., of Louisiana, Teddy W. Airhart, Jr., Asst. Atty. Gen., of Louisiana, Baton Rouge, La., for respondent.

WEST, District Judge:

Petitioner, James Picard, applies to this Court for a writ of habeas corpus to release him from a ten year sentence which he is presently serving at Louisiana State Penitentiary for violation of LSA–R.S. 40:962, Illegal Possession of Narcotics. It is from this sentence that petitioner here seeks relief, but he is also serving a concurrent eight year sentence on a different charge, which sentence was imposed some two years after the imposition of the ten year sentence, and after this application for habeas corpus had been filed in this Court. I have serious doubts that petitioner has standing to seek a writ of habeas corpus when the granting of the writ could not release him from custody. United States ex rel. Chilcote v. Maroney, D.C., 246

F.Supp. 607. But out of an abundance of caution, I will pass upon his application as it pertains to the ten year sentence.

On October 6, 1964, two New Orleans police officers, Sergeant Krasnoff and Officer Neumann were cruising in their police car when one Joseph Ussin suddenly flagged them down and shouted that he had been robbed "by those guys in the white Chevvy," pointing to a white Chevrolet approaching the intersection of Howard Avenue and Baronne Street in New Orleans, Louisiana. The officers immediately went in pursuit of the white Chevrolet, but traffic prevented them from driving up to it. A traffic light at the intersection stopped the flow of traffic, including the white Chevrolet at the head of the line, and the police car, several cars behind. When traffic was thus halted, Sergeant Krasnoff jumped out of the police car and ran toward the white Chevrolet in which petitioner was riding. As he approached, the light turned green and the white Chevrolet started to make a right hand turn. As Sergeant Krasnoff ran toward it hollering for the driver to stop the car, he saw a sawed-off shotgun being passed from a passenger in the back seat to someone in the front seat, whereupon the officer pulled his pistol from its holster and commanded the driver to stop. The driver did stop and Sergeant Krasnoff placed all occupants under arrest. Immediately thereafter the car was searched and a sawed-off shotgun, a pistol, and 49 capsules of heroin were found and seized. Petitioner was charged with illegal possession of narcotics and when first arraigned pleaded not guilty. But on March 29, 1965, upon advice of counsel, he withdrew his not guilty plea and entered a plea of guilty to the charge of illegal possession of narcotics, whereupon he was sentenced to serve ten years at Louisiana State Penitentiary. Petitioner now contends that his constituttional rights have been violated because of what he claims to have been an illegal search and seizure and also because, he contends, he was coerced into pleading guilty by a threat of a thirty year sentence as a multiple offender if he did not.

This Court appointed counsel to represent petitioner and a full evidentiary hearing was held. The Court finds no merit to petitioner's contentions. First of all, it is well settled that a voluntary plea of guilty forecloses federal habeas corpus inquiry into any alleged nonjurisdictional irregularities. Garbutt v. Warden, Maryland Penitentiary, 256 F.Supp. 623 (D.Md.1966); Thomas v. Warden, Maryland Penitentiary, 236 F. Supp. 499 (D.Md.1964), aff. 4 Cir., 350 F.2d 395; United States, ex rel. Lofton v. Myers, 252 F.Supp. 918 (E.D.Pa. 1966); Hulett v. Sigler, 242 F.Supp. 705 (D.Neb.1965); Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952). In Busby v. Holman, 356 F.2d 75 (CA 5—1966), the Court said:

"* * * It is settled by a host of authorities that a judgment on a plea of guilty which has been entered voluntarily on advice of counsel is not rendered invalid because the defendant had previously made a confession under circumstances which might have rendered it inadmissible in evidence if the defendant had pleaded not guilty and gone to trial. This is so because the plea, if voluntarily and understandingly made, is conclusive as to the defendant's guilt, admitting all the facts charged and waiving all nonjurisdictional defects in the prior proceedings against him."

Thus, even though the search and seizure were held to have been invalid, petitioner, when he voluntarily pleaded guilty, waived his right to object to the search and seizure. The reason for this is obvious. Petitioner was not convicted or sentenced on the strength of the evidence so seized, but instead was convicted and sentenced upon his plea of guilty. But in this case, even if petitioner had been convicted and sentenced on the basis of the seized evidence, it would be the opinion of this Court that his constitutional rights would not have been violated.

**196**

 The evidence clearly shows that the officers had probable cause to believe that a felony (robbery) had been committed when they were flagged down by Joseph Ussin. Certainly the officers would have been derelict in their duty had they not heeded the information thus given them by Ussin. But then, before the arrest was made, the officers actually saw the sawed-off shotgun in the vehicle in which plaintiff was riding. Thus a felony was being committed in their very presence and they were certainly justified in making the arrest then and there without a warrant. The ensuing search and seizure was incident to the lawful arrest and hence perfectly lawful. The fact that the probable cause for the arrest originated out of a belief that a robbery had been committed by petitioner, or that he was in the process of committing a felony by having illegal possession of a sawed-off shotgun would not have prevented the evidence seized as an incident to such an arrest from being used against him in connection with the charge of illegal possession of narcotics. Where there is probable cause for an arrest for one crime and a reasonable search turns up evidence of another, unrelated crime, the evidence of the unrelated crime can nevertheless be used in evidence against the accused. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399, rehearing denied, 331 U.S. 867, 67 S.Ct. 1527, 91 L.Ed. 1871 (1947); Rodriguez v. Hanchey, 242 F.Supp. 718 (E.D.La.1965), aff. 359 F.2d 724 (CA 5—1966), cert. den. 385 U.S. 884, 87 S.Ct. 179, 17 L.Ed.2d 112.

As to petitioner's claim that he was coerced into pleading guilty little need be said. He was given a full evidentiary hearing before this Court, and he had the assistance of John S. Covington, Esq., an extremely able court-appointed attorney well versed in criminal law and procedure. There is simply no evidence to support petitioner's contention that his guilty plea was not knowingly and understandingly entered without threat or coercion of any kind.

It is the opinion of this Court, therefore, that petitioner was accorded due process of law and equal protection of law at all stages of the proceedings had against him, and hence his application for a writ of habeas corpus must be denied.